In re Enrique MENDEZ, Debtor.

Russell A. Brown, Chapter
13 Trustee, Appellant,

v.

Michael T. Smith, Appellee.

BAP No. AZ–98–1672–RRyMe.
Bankruptcy No. 98–01248–PHX–RTB.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Feb. 19, 1999.

Decided March 3, 1999.

Russell A. Brown (Trustee), Phoenix, AZ, for appellant pro se.

Michael T. Smith, George Mothershed, Scottsdale, AZ, for Enrique Mendez.

Before: RUSSELL, RYAN, and MEYERS, Bankruptcy Judges.

### OPINION

RUSSELL, Bankruptcy Judge.

The bankruptcy court entered an order overruling the chapter 13[1] trustee's objections to the debtor's plan, allowing compensation to the debtor's counsel, and denying the trustee's motion for disgorgement of counsel's attorneys' fees. The trustee appeals. We AFFIRM.

### I. FACTS

Enrique Mendez (the "debtor") filed a chapter 13 petition on February 4, 1998. The petition identified appellee Michael T. Smith as his attorney. The debtor filed a plan on February 13, 1998, which stated, *inter alia*, that he had paid Smith a total of $910 ($750 for legal services and $160 for the filing fee) prior to bankruptcy, and would pay him an additional $500 under the plan as an administrative expense. Smith filed a Rule

2016(b) disclosure statement, acknowledging the prepetition payment and stating that no further funds were due.

On May 13, 1998, appellee Russell A. Brown, the chapter 13 trustee ("trustee"), filed a preliminary Recommendation which objected, *inter alia*, to Smith's fees:

The Plan provides that $500.00 will be paid to Michael T. Smith as an administrative expense. Moreover, the attorney's Rule 2026(b) [sic] Statement discloses that the Debtor paid Smith $750.00. Trustee objects to the payment of any administrative expense to Smith and moves for an Order requiring Smith to disgorge the $750.00 the Debtor paid him. The reasons for the Trustee's request are set forth in his Opening Brief.

Trustee's Preliminary Recommendation and Objection to Confirmation of Plan, Etc., p. 1.

The court set a preliminary hearing on the objections for May 20, 1998, and denied Smith's motion to vacate the hearing.

The trustee's brief in support of the plan objections alleged that Smith maintained offices both in Illinois, where he was licensed to practice, and in Arizona, where he was not licensed by the State Bar but was admitted to practice in the United States District Court for the District of Arizona. Relying primarily on *In re Peterson,* 163 B.R. 665 (Bankr.D.Conn.1994), the trustee argued that Arizona state law was the relevant applicable law for purposes of determining whether Smith was an attorney under the Code, and that state law required Smith to be licensed by the State Bar of Arizona. The trustee further argued that the local United States District Court rule under which Smith was admitted to practice before the District Court did not preempt the applicable Arizona state laws, and that Smith must therefore be ordered to disgorge his attorneys' fees to the trustee.

Smith did not appear at the hearing on May 20, 1998. The court scheduled oral argument for July 7, 1998, and set a briefing schedule. Smith filed a timely responsive brief, arguing that he was not required under

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

Arizona state law to be licensed to practice in Arizona because he was not soliciting clients on state issues and not attempting to represent clients in state court. He further argued that his admission as a nonresident attorney to practice before the United States District Court permitted him to appear before any federal court in the district, including the bankruptcy court, and entitled him to retain his attorneys' fees in the bankruptcy cases.

In support of his claim of non-resident attorney status, Smith asserted that his primary residence, primary practice, and staff were in Illinois; that he traveled to Arizona when he needed to see clients and held meetings in a location rented on an hourly basis; that the forwarding of mail and telephone messages to his Illinois office was the only service provided to Arizona clients; and that he maintained a toll free telephone number for clients to contact him or his staff in Illinois.

The trustee filed his full Recommendation on June 17, 1998, which objected to Smith's fees as follows:·

(e) Counsel for the Debtor(s) is unlicensed by the State Bar of Arizona and, therefore, not an attorney for compensation purposes. *See* 11 U.S.C. § 101(4). The Trustee objects to the payment of any administrative expenses as requested in the Plan. The Trustee may request that the Court enter an Order requiring counsel to disgorge all fees received and to accept no further compensation from debtors. Trustee has previously objected, oral argument on the point is scheduled for July 7, 1998.

Trustee's Recommendation, p. 2.

At the plan objection hearing on July 7, 1998,[2] the court orally ruled that Smith must disgorge his attorneys' fees and directed the trustee to file an order to show cause ("OSC") regarding Smith's standing to practice law before the bankruptcy courts in Arizona.

On July 15, 1998, the court entered the trustee's Order Requiring Michael T. Smith To Disgorge Fees ("disgorgement order"). Smith objected to the disgorgement order, complaining that the trustee had misrepresented facts concerning, *inter alia*, Smith's purported failure to file a responsive brief before the July 7 hearing, and his admission to practice in Arizona. Smith provided a copy of the docket to show that he had filed a response, and a copy of a Certificate of Good Standing issued by the United States District Court for the District of Arizona to evidence his admission in 1991 to practice in the Arizona federal courts. Smith also moved to vacate the July 7 ruling regarding his attorneys' fees as an improperly entered default judgment.

At the OSC hearing on August 20, 1998,[3] the bankruptcy court orally ruled that Smith's admission to practice before the United States District Court for the District of Arizona entitled him to also practice in the bankruptcy court, and quashed the OSC. On September 21, 1998, the court entered an order vacating the disgorgement order. On September 22, 1998, the court entered an order overruling the plan objections, allowing the attorneys' fees, and denying the disgorgement motion. The trustee appeals the latter order.

## II. STANDARD OF REVIEW

A trial court's interpretation and application of a local rule is reviewed for an abuse of discretion. *In re Crayton*, 192 B.R. 970, 975 (9th Cir. BAP 1996). A bankruptcy court's orders regarding fees are also reviewed for an abuse of discretion. *In re Fraga*, 210 B.R. 812, 816 (9th Cir. BAP 1997); *Crayton*, 192 B.R. at 975. Discretion is abused when a reviewing court has a definite and firm conviction that the trial court committed a clear

---

**2.** Smith did not appear at the hearing on July 7, 1998, having filed a motion to continue the previous day. The court denied the motion.

**3.** Smith again did not appear, having filed a motion to continue one day before the hearing due to a conflict with a state court hearing in Illinois. The court denied the continuance and ruled on the merits of the trustee's objection to Smith's fees. In its subsequently-entered order, the bankruptcy court noted with displeasure Smith's failure to appear at three separate hearings on the attorneys' fees issue.

error of judgment in reaching its conclusion. *Id.*

## III. ISSUE

Whether the debtor's counsel's admission to practice before the United States District Court for the District of Arizona entitled him to practice before the bankruptcy court and receive compensation under the Code.

## IV. DISCUSSION

The trustee argues that Arizona Supreme Court Rules 31(a)(3)[4] and 33(c),[5] which require that attorneys be licensed by the State Bar of Arizona in order to practice law in Arizona, are the "applicable law" used to determine whether Smith is an "attorney" under § 101(4)[6] for purposes of compensation under the Code. He contends that Smith is required by the state rules to be licensed by the State Bar of Arizona because he maintains a principal office in Arizona, solicits Arizona residents for bankruptcy business, and practices law in Arizona.

4. Arizona Supreme Court Rule 31(a)(3) provides:

> *Privilege to Practice.* Except as hereinafter provided in subsection 4 of this section (a), no person shall practice law in this state or hold himself out as one who may practice law in this state unless he is an active member of the state bar, and no member shall practice law in this state or hold himself out as one who may practice law in this state while suspended, disbarred, or on disability inactive status.

5. Arizona Supreme Court Rule 33(c) provides:

> **(c) Practice in Courts.** No person shall practice law in the State of Arizona without being admitted to the bar by compliance with the following rules, provided that an attorney practicing in another state or territory or insular possession of the United States or the District of Columbia may be permitted by any court to appear in a matter pro hac vice, in accordance with the procedures set forth in subpart (d) of this Rule.

6. 11 U.S.C. § 101(4) provides:

> (4) "attorney" means attorney, professional law association, corporation, or partnership, authorized *under applicable law* to practice law;
> (Emphasis added).

7. 11 U.S.C. § 329 provides in pertinent part:

> **§ 329. Debtor's transactions with attorneys**
> (a) Any attorney representing a debtor in a case under this title . . . shall file with the court

The trustee further argues that the district court rule under which Smith is certified to appear in the district and bankruptcy courts in Arizona does not preempt the application of the state rules. He contends that the bankruptcy court erroneously failed to recognize that Smith is actively practicing law in Arizona, not merely appearing in bankruptcy court.

Finally, the trustee argues that Smith's failure to qualify as an "attorney" under the Code requires disgorgement of his attorneys' fees under § 329.[7] We disagree.

■ As a unit of the district court pursuant to 28 U.S.C. § 151,[8] a bankruptcy court is a federal court. *Crayton,* 192 B.R. at 976 (citing *In re Goldberg,* 168 B.R. 382, 384 (9th Cir. BAP 1994)). A federal court has the power to control admission to its bar. *Crayton,* 192 B.R. at 976 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). Rule 1.5 of the United States District Court for the District of Arizona ("Rule 1.5")[9] regulates the admis-

> a statement of the compensation paid or agreed to be paid, . . .
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
> (1) the estate, if the property transferred—
> . . . .
> (B) was to be paid by . . . the debtor under a plan under chapter . . . 13 of this title; . . . .

8. 28 U.S.C. 151 provides:

> § 151. Designation of bankruptcy courts
> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. . . .

9. Rule 1.5 provides in pertinent part:

> **RULE 1.5 ATTORNEYS**
> (a) **Motion/Application for Admission.** Attorneys admitted to practice in Arizona, or any Federal Court, and in good standing as active practitioners in that Court may be admitted to practice in this District upon appropriate motion and/or application, as set forth in these Rules.
> (b) **Resident Attorneys.** Attorneys residing in Arizona or whose principal office or practice is in Arizona must be admitted to practice in Arizona to be admitted to the bar of this Court. These attorneys may be admitted to practice in this District upon application and

sion of attorneys to practice in the federal courts of the District of Arizona. Rule 1.5(c) specifically authorizes "non-resident" attorneys, *i.e.*, attorneys who are members in good standing of the bar of any federal court and who neither reside nor maintain an office for the practice of law in Arizona, to be admitted to practice in the District of Arizona upon an appropriate application. Local Bankruptcy Rule 2090–1 of the United States Bankruptcy Court for the District of Arizona ("L.R.B.P.2090–1")[10] in turn authorizes attorneys admitted to practice before the district court to practice before the bankruptcy court.

The bankruptcy court in this case recognized the district court's authority to regulate appearances in the bankruptcy courts, stating:

> [I]t seems to me since [Smith is] admitted into [sic] the district court, and that's controlled at the district court level, not the bankruptcy court level, then he's authorized to practice in this court. And I don't know if he's one of those individuals, I assume he is from the facts that have been set forth, that was admitted under what I call the prior rule, i.e. not—he's not one who holds a license to practice law in the state of Arizona. But it's up to the district court.

Transcript of August 20, 1998 hearing on OSC, p. 2.

The bankruptcy court's order on the OSC correctly explained that Smith's district court certification entitled him to practice in bankruptcy court and receive compensation:

> [S]o long as Smith is admitted to practice before the United States District Court for the District of Arizona, he is entitled to practice in the Bankruptcy Court as well.

Local Rule provides that "(a)ny attorney admitted to practice before the United States District Court, District of Arizona, may practice before the bankruptcy court." At this time it is undisputed that Smith is admitted in the District Court. It is the District Court that determines the requirements for practice before the District Court and the Bankruptcy Court. Therefore,

. . . .

IT IS FURTHER ORDERED that in that Michael T. Smith is admitted to practice in the United States District Court of Arizona, he is entitled to practice before the Bankruptcy Court and therefore entitled to compensation as an attorney.

Order On Trustee's Motion For Order To Show Cause And Objection To Plan, pp. 2–3.

The trustee relies heavily, as he did in the proceedings below, on *In re Peterson*, 163 B.R. 665 (Bankr.D.Conn.1994), for the proposition that an attorney is engaged in the unauthorized practice of law if he practices in bankruptcy court without being licensed by the State Bar of the state in which the bankruptcy court is located, notwithstanding his admission to practice in the federal courts of the district. The trustee's reliance on *Peterson* is misplaced, however, due to the factual distinctions between *Peterson* and this case, and *Peterson*'s express limitation of its holding to its facts.

In *Peterson*, the attorney in question, Peter Betsos ("Betsos"), was licensed to practice in New York and admitted to practice in the federal district courts for the Southern and Eastern Districts of New York, and the District of Connecticut. He was not, however, licensed to practice in the State of Connecticut. As of 1994, he had not had a law

motion made in their behalf by a member of the bar of this Court.

**(c) Non-resident Attorneys.** Any member in good standing of the bar of any Federal Court, and who neither resides nor maintains an office for the practice of law in the District of Arizona, may be admitted to practice in this District upon appropriate application, completion of the oath upon admission, and payment of an admission fee of fifty dollars ($50) to the Clerk, U.S. District Court. The Clerk will issue and mail the certificate of admission. If the applicant becomes an Arizona resident and/or

intends to maintain a principal office or practice in Arizona, he or she must reapply under paragraph (b) of this Rule.

10. L.R.B.P.2090–1 provides in relevant part:

RULE 2090–1. ATTORNEYS—ADMISSION TO PRACTICE

(a) Any attorney admitted to practice before the United States District Court, District of Arizona, may practice before the bankruptcy court.

office in New York for over ten years, but had a law office in Connecticut where he provided legal services by telephone in bankruptcy matters. Betsos prepared pleadings in his Connecticut office for filing in bankruptcy court. He did not meet with clients at his office, but met with them at other locations in Connecticut. His stationery listed his Connecticut office address, and his occupation as an attorney. 165 B.R. at 667.

Betsos met with the *Peterson* debtors at their home in Connecticut to discuss their legal options, and advised them to file bankruptcy. His legal services included telephone calls from his office on bankruptcy and state court foreclosure matters; preparation and filing of their petition, schedules, statements, and other bankruptcy documents; settlement negotiations with creditors' attorneys; correspondence with a state court receiver regarding the receiver's duties under Connecticut law; bankruptcy court appearances; and attendance at § 341(a) meetings. *Id.* at 667–68.

Betsos failed to seek a bankruptcy court order authorizing his employment as the debtors' counsel under § 327 and Rule 2014(a). His Rule 2016(b) disclosure statement failed to disclose a relationship with a financial services company that had attempted to assist the debtors in forestalling foreclosure on their residence before bankruptcy, and failed to accurately disclose the nature, amount and timing of the attorneys' fees he had received in the case. *Id.* at 668.

The debtors eventually obtained permission to employ new counsel, and thereafter sought disgorgement of Betsos' attorneys' fees. The court ordered disgorgement, based primarily on Betsos' failure to obtain court approval of his employment under § 327 and Rule 2014(a), his failure to disclose requisite information on his Rule 2016(b) statement, and his failure to obtain court approval of his fees under § 330. *Id.* at 668–71.

As an additional basis for disgorgement, the court held that Betsos was not entitled to attorneys' fees on the ground that his representation of the debtors constituted the unauthorized practice of law in Connecticut by an attorney not licensed by the State Bar of Connecticut.[11] This aspect of the *Peterson* court's decision focused on the extent to which Betsos' practice occurred in Connecticut, the extent to which Connecticut state law issues intertwined with the specific bankruptcy law issues on which he provided legal advice to the debtors, and the fact that he did not maintain an office in any other state. *Id.* at 672, 675. In addition, the court strictly limited its holding on the "unauthorized practice of law" issue to the unusual facts of its case, stating:

> Under the facts of this case—to which my holding is strictly limited—I conclude that Betsos engaged in the unauthorized practice of law.

165 B.R. at 675 (emphasis added).

■ In the case before us, by contrast, issues of non-compliance with §§ 327 and 330 are not present, and the type of facts which the *Peterson* court found compelling on the "unauthorized practice of law" issue are absent. There is no evidence whatsoever in the record in this case to support the trustee's assertion that Smith maintained a primary office in Arizona, solicited Arizona residents for bankruptcy business, or engaged in the general practice of law in Arizona, and Smith flatly denied those allegations. There is also no evidence regarding the scope and nature of Smith's legal activities in Arizona in general, or the extent to which Arizona state law issues and bankruptcy issues may have been interwoven in the proceedings below. On the other hand, Smith's certification by the district court as a "non-resident attorney" under Rule 1.5(c) and his maintenance of an office in Illinois are undisputed, and the record contains no evidence to contradict any of his factual assertions underlying his "non-resident attorney" status.

In any event, the ultimate issue before the bankruptcy court in this case was not Smith's purported general practice of law, but his

---

11. Betsos was admitted to practice before the district court for the District of Connecticut under a local rule similar to the one in the case before us. Unlike Smith in our case, however, Betsos did not rely on the subsection pertaining to visiting (*i.e.,* "non-resident") lawyers. 165 B.R. at 672 n. 5.

entitlement to compensation under the Code. Smith was admitted by the district court to practice in the Arizona federal courts, and the bankruptcy court lacked the authority to vacate that certification. The bankruptcy court recognized this fact,[12] stating:

It's my understanding the district court is going through those people who were admitted under that rule and taking whatever action they think is appropriate. I don't know that I can enjoin him from practicing in this court or collecting fees for practicing in this court since he's admitted here.

Transcript of August 20, 1998 hearing on OSC, pp. 2-3.

Thus, the district court, not the bankruptcy court, was the proper forum for the trustee's objection to Smith's conduct. The bankruptcy court's order was a proper exercise of its discretion.

## V. CONCLUSION

Because the debtor's counsel was admitted by the United States District Court for the District Court of Arizona to practice in the federal and bankruptcy courts in that district, the bankruptcy court properly allowed his attorneys' fees. The bankruptcy court's order overruling the trustee's objections to the attorneys' fees provision of the debtor's plan, allowing compensation to the debtor's counsel, and denying the trustee's disgorgement motion is AFFIRMED.

---

12. Interestingly, the trustee had previously indicated at the July 7, 1998 hearing on plan objections that he recognized the district court role's in controlling attorney admission, but preferred not to address the issue with that court:

THE COURT: ... And I don't know, it's really up to the district court to deal with that. I know they're dealing with some and I know there's others—I'm not sure where they're at, but I know assume [sic] they're looking at all of this.

MR. BROWN [THE TRUSTEE]: I tried calling Ronnie Honey at the district court who I've worked with in the past on these matters and the line was busy, so I don't know where Mr. Smith falls in. But again, I think that I would rather not get into that because what it does is

removes it to the district court. And I don't think that is relevant.

I'm going beyond that and saying I acknowledge the district court admission, but I believe that it is irrelevant as to whether—maybe not irrelevant. I believe that district court admission does not give Mr. Smith or other attorneys the power and privilege to practice law in this state without being properly licensed by the Supreme Court of Arizona.

So I'd rather not get bogged down, I think, into that. That shifts it over there to district court. And if that's the issue, I'd rather have a ruling on that and just go a different route at it.

Transcript of July 7, 1998 Oral Argument In Re: Objection To Plan Filed By Trustee, pp. 11-12.