**In re Mary POOLE, Debtor.**

**Russell A. Brown, Chapter 13 Trustee, Appellant,**

v.

**Michael T. Smith, Appellee.**

**No. 99–15742.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 5, 2000

Filed Aug. 25, 2000

---

Russell A. Brown, Phoenix, AZ, Chapter 13 Trustee.

Michael T. Smith, Schaumburg, IL, appellee pro se.

Before: NOONAN, THOMAS and BERZON, Circuit Judges.

THOMAS, Circuit Judge:

In this appeal, we consider whether a bankruptcy attorney, properly admitted to practice in the relevant federal district

court, may be denied fees pursuant to 11 U.S.C. § 101(4) because he is not admitted to practice in the state where the district court sits. We conclude he may not, and we affirm the judgment of the Bankruptcy Appellate Panel.

## I

Debtor Mary Poole filed a voluntary petition in bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code in 1997. She was represented by Defendant Michael T. Smith, who listed his place of business in the bankruptcy petition as being in Scottsdale, Arizona. Poole paid Smith $750 for legal services and $160 for filing fees. Her original Chapter 13 Plan and Application for Administrative Expense states that the services rendered by Smith included advice and counsel regarding bankruptcy law, assistance with form preparation, representation at the first meeting of creditors and client consultations. Poole's Chapter 13 plan further proposed that Smith be paid an additional $500 as an administrative expense.

Smith is a member of the Illinois State Bar and in 1991 was admitted by the United States District Court for the District of Arizona to practice in the Arizona federal courts. He is not a member of the Arizona State Bar. Chapter 13 trustee Brown objected to Poole's plan because he believed that since Smith was unlicensed by the State Bar of Arizona, he was not an "attorney" for compensation purposes under 11 U.S.C. § 101(4). The trustee objected to the payment of future administrative expenses as requested in paragraph 3.a.(2) of the Chapter 13 plan, and also requested that Smith disgorge the $750.00 paid to him. Smith withdrew his request for administrative expenses. After a number of hearings, the bankruptcy court eventually denied the trustee's motion to disgorge fees and overruled the trustee's plan objection. The Bankruptcy Appellate Panel affirmed the judgment of the bankruptcy court. This timely appeal followed.

## II

Admission to practice law before a state's courts and admission to practice before the federal courts in that state are separate, independent privileges. "The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included." *Theard v. United States,* 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Thus, for example, "disbarment by federal courts does not automatically flow from disbarment from state courts." *Id.* at 282, 77 S.Ct. 1274; *accord In re Ruffalo,* 390 U.S. 544, 547, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). This is true even when admission to a federal court is predicated upon admission to the bar of the state court of last resort. *See Selling v. Radford,* 243 U.S. 46, 49, 37 S.Ct. 377, 61 L.Ed. 585 (1917); *see also Theard,* 354 U.S. at 281, 77 S.Ct. 1274 ("While a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route."). Once federal admission is secured, a change in circumstances underlying state admission—such as a shift in domicile—is "wholly negligible" on the right to practice before a federal court. *Selling,* 243 U.S. at 49, 37 S.Ct. 377.

In short, "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citing *Ex parte Burr,* 9 Wheat. 529, 531, 6 L.Ed. 152 (1824)). The power of courts to disbar or otherwise discipline attorneys must be exercised consistent with the requirements of the Due Process Clause. *See Schware v. Board of Bar Exam. of N.M.,* 353 U.S. 232, 238, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). This means that the attorney must be afforded fair notice of the charge and a meaningful opportunity to respond. *See Ruffalo,* 390

U.S. at 550, 88 S.Ct. 1222. A federal court may impose discipline or disbarment based upon another court's disciplinary adjudication only if an independent examination of the other court's record shows:

> (1) no deprivation of due process; (2) sufficient proof of misconduct; and (3) no grave injustice would result from the imposition of such discipline.

*In re Kramer*, 193 F.3d 1131, 1132 (9th Cir.1999) (citing *Selling*, 243 U.S. at 50–51, 37 S.Ct. 377). In such circumstances, a show cause hearing must be afforded. *See id.* at 1133.

Pursuant to their exclusive authority over members of their bar, federal courts have promulgated local rules pertaining to admission and discipline. *See* 28 U.S.C. § 2071; Fed.R.Civ.P. 83; *Zambrano v. City of Tustin*, 885 F.2d 1473, 1479 (9th Cir.1989). The District of Arizona requires resident Arizona attorneys to be members in good standing of the State Bar of Arizona as a condition of admission to the federal bar. *See* Ariz. R. of Practice 1.5(b) (1998). Although the rules have since changed, during the time relevant to this appeal, non-resident attorneys could also be admitted to practice in federal courts in the District of Arizona under Ariz. R. of Practice 1.5(c) (1998), which provided:

> Any member in good standing of the bar of any Federal Court, and who neither resides nor maintains an office for the practice of law in the District of Arizona, may be admitted to practice in this District upon appropriate application, completion of the oath upon admission, and payment of an admission fee of fifty dollars ($50) to the Clerk, U.S. District Court. The Clerk will issue and mail the certificate of admission. If the applicant becomes an Arizona resident and/or intends to maintain a principal office or practice in Arizona, he or she must reapply under paragraph (b) of this Rule.

The bankruptcy courts are, of course, units of the district courts. *See* 28 U.S.C. § 151. District courts are empowered to make local rules governing bankruptcy procedure within the district and may also authorize bankruptcy courts to issue local rules. *See* Fed. R. Bankr.P. 9029. The District regulates practice before Arizona bankruptcy courts: under the bankruptcy rules adopted by the District of Arizona, "[a]ny attorney admitted to practice before the United States District Court of Arizona may practice before this bankruptcy court." Ariz. R. of Bankr.P.2090–1.

### III

■ Defendant Smith was duly admitted to practice in the District of Arizona as a non-resident lawyer pursuant to Ariz. R. of Practice 1.5(c) (1998). He has practiced before the United States Bankruptcy Court for the District of Arizona from the time of his admission.

Despite Smith's admission to the Arizona bankruptcy bar, the trustee contends Smith is not eligible to receive compensation for his services. The trustee founds his claim on 11 U.S.C. § 101(4) which provides that the term "attorney" as used in the Bankruptcy Code means "attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law." The trustee argues that the "applicable law" referenced in § 101(4) means the rules pertaining to practice in Arizona promulgated by the Arizona Supreme Court, specifically Ariz. St. Ct. R. 31(a) and Ariz. St. Ct. R. 33(c). Arizona Supreme Court Rule 31(a)(3) provides:

> Privilege to Practice. [N]o person shall practice law in this state or hold himself out as one who may practice law in this state unless he is an active member of the state bar, and no member shall practice law in this state or hold himself out as one who may practice law in this state while suspended, disbarred, or on disability inactive status.

Arizona Supreme Court Rule 33(c) provides:

Practice in Courts. No person shall practice law in the State of Arizona without being admitted to the bar by compliance with the following rules, provided that an attorney practicing in another state or territory or insular possession of the United States or the District of Columbia may be permitted by any court to appear in a matter pro hac vice, in accordance with the procedures set forth in subpart (d) of this Rule.

From the assumption that the Arizona Supreme Court's admission rules govern practice in the United States Bankruptcy Courts, the trustee then reasons that Smith does not qualify as an "attorney" entitled to compensation under the Bankruptcy Code.

As we have discussed, and as nearly a century of Supreme Court precedent makes clear, practice before federal courts is not governed by state court rules. Further, and more importantly, suspension from federal practice is not dictated by state rules. Although state disciplinary proceedings are accorded "high respect" in federal court, they are not "conclusively binding." *Theard,* 354 U.S. at 282, 77 S.Ct. 1274. Thus, the Arizona Supreme Court rules cannot be the "applicable law" to which the Bankruptcy Code refers.

The trustee argues that Congress has preempted state law regarding the practice of law in only a few areas, citing *Sperry v. Florida ex rel. Florida Bar,* 373 U.S. 379, 383, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963). *Sperry* does not assist the trustee. In *Sperry,* the attorney was charged by the State of Florida with the unauthorized practice of law because he practiced patent law in Florida without also obtaining a state license to practice law. The Court held that because Congress had authorized the Commissioner of Patents to prescribe regulations governing the conduct of attorneys practicing before the Patent Office, Florida could not enforce licensing requirements which gave the State a power of review over the feder-

al determination of practice authority. *See id.* at 383–85, 83 S.Ct. 1322.

The trustee argues that the Bankruptcy Code is driven by state law and therefore cannot be equated with federal patent law. He is incorrect. Congress has the constitutional power to establish "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const., art. I, § 8. The exercise of bankruptcy power is exclusively federal. *See Kalb v. Feuerstein,* 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370 (1940). "[J]urisdiction and authority over bankruptcies has been vested, from the beginning of the Republic, in the federal district courts." *Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1080 (9th Cir.2000) (en banc); *see also* 28 U.S.C. § 1334. Thus, the trustee's reliance on *Sperry* is unavailing.

More importantly, *Sperry* involved an antipodal situation: potential federal interference with the operation of state law. The State of Arizona is not a party to this case. It has not imposed any discipline upon Smith, nor has it charged him with unauthorized practice of law. In short, this case is not about any federal effort to displace state discipline; it is about the inappropriate reliance on state authority to impose federal discipline.

The trustee also relies upon *Spanos v. Skouras Theatres Corporation,* 364 F.2d 161 (2d Cir.1966), in which the Second Circuit indicated that perhaps an out-of-state attorney could avail himself of a federal practice exception to the state's prohibition of unauthorized practice of law only by working with an in-state lawyer on a specific matter. However, the attorney in *Spanos,* unlike Smith, was not admitted to practice before the federal district court. Thus, the case is completely inapposite.

■ The only appropriate method of challenging Smith's right to practice before the United States Bankruptcy Courts in Arizona is to seek his suspension or disbarment from practice before the District of Arizona using procedures that com-

port with Due Process. The trustee cannot employ a collateral attack based on state law to prevent Smith from practicing federal bankruptcy law in Arizona. The bankruptcy court and the Bankruptcy Appellate Panel were entirely correct in reaching a similar conclusion.

We affirm the judgment of the Bankruptcy Appellate Panel.

AFFIRMED