Ricardo A. SANDOVAL,
Plaintiff–Appellant,

v.

Robert E. RUBIN, Secretary of the United States Treasury, in his official capacity, as agency head, Defendant–Appellee,

**and**

William Rohde, in his individual and official capacity as an officer of the United States Service, United States Department of the Treasury; Joel A.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Geisner, in his individual and official capacity as an officer of the United States Customs Service, United States Department of the Treasury; Charles C. Mantle, in his individual and official capacity as an officer of the United States Customs Service, United States Department of the Treasury, Defendants.

Ricardo A. Sandoval, Plaintiff–Appellee,

v.

Robert E. Rubin, Secretary of the United States Treasury, in his official capacity, as agency head, Defendant–Appellant,

and

William Rohde, in his individual and official capacity as an officer of the United States Service, United States Department of the Treasury; Joel A. Geisner, in his individual and official capacity as an officer of the United States Customs Service, United States Department of the Treasury; Charles C. Mantle, in his individual and official capacity as an officer of the United States Customs Service, United States Department of the Treasury, Defendants.

Nos. 98–56831, 98–56891.

D.C. No. CV–95–00970–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2000.

Decided Oct. 31, 2000.

Before KOZINSKI, T.G. NELSON, and WARDLAW, Circuit Judges.

### AMENDED MEMORANDUM *

1. Sandoval presented sufficient evidence that the Secretary discriminated against him by failing to upgrade his position. He was eligible for an upgrade after December 1, 1992; an upgrade was available for his position until January 8, 1993; and all other employees in similar positions were classified at the upgraded level. Because a moratorium on upgrades only took effect on January 8, it did not dispel the inference of discriminatory treatment prior to that date.

Additionally, Sandoval showed that similarly situated employees received supervisory assignments and participated in the rotation program. The Secretary offered legitimate nondiscriminatory reasons to explain this difference in treatment, but Sandoval presented evidence that permitted a strong inference of pretext. *See Warren v. City of Carlsbad*, 58 F.3d 439, 443 (9th Cir.1995); *Mangold v. California Pub. Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995). Viewed in the light most favorable to Sandoval, the evidence sup-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ports the jury's verdict and the district court did not err in denying judgment as a matter of law to the Secretary on Sandoval's discrimination claims. *See Omega Envtl., Inc. v. Gilbarco, Inc.,* 127 F.3d 1157, 1161 (9th Cir.1997), *cert. denied,* 525 U.S. 812, 119 S.Ct. 46, 142 L.Ed.2d 36 (1998).

■ 2. Sandoval also established a case of retaliation under Title VII for the Secretary's failure to select him for supervisory assignments and the rotation program. *See EEOC v. Crown Zellerbach Corp.,* 720 F.2d 1008, 1012 (9th Cir.1983) (retaliation claim requires involvement in a protected activity, an adverse employment decision and a causal connection between the two). Sandoval filed an EEO complaint, which is a protected activity. *See id.* at 1013. Retaliation could be inferred because his supervisors knew about Sandoval's EEO complaint and subjected him to adverse employment actions within a reasonable time thereafter. *See Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir. 1987). Even though the Secretary presented alternative reasons for his actions, evidence based on timing and his supervisors' awareness of Sandoval's protected activity was sufficient to let the issue go to the jury. *See Passantino v. Johnson & Johnson Consumer Prods., Inc.,* 212 F.3d 493, 507 (9th Cir.2000).

■ 3. Sandoval failed to make out a prima facie case of retaliation for his upgrade claim. The Secretary's refusal to upgrade his position could only be considered an adverse employment action during the time Sandoval was eligible for an available upgrade, which, as discussed above, was at most from December 1, 1992, to January 8, 1993. But this window of opportunity closed months before Sandoval filed an EEO complaint; it therefore does not give rise to the requisite inference of causation. *See Yartzoff,* 809 F.2d at 1375.

Moreover, Sandoval was not engaging in protected activity when he defied his supervisors by referring the Lakes investigation to the United States Attorney. *See O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756, 763–764 (9th Cir.1996). Thus, the evidence does not support a retaliation verdict in favor of Sandoval on his upgrade claim, and the district court erred in denying the Secretary judgment as a matter of law as to this claim. *See Omega Envtl.,* 127 F.3d at 1161.

4. The district court did not abuse its discretion in denying the Secretary's motion for a new trial, because it could reasonably have concluded that the misconduct of Sandoval's attorney did not permeate the trial. *See Cooper v. Firestone Tire & Rubber Co.,* 945 F.2d 1103, 1107–08 (9th Cir.1991). Moreover, there is no indication that the jury was influenced by passion and prejudice in arriving at its verdict. *See id.* at 1107.

■ 5. The district court's finding that counsel misrepresented David Ross's status to practice law in the Southern District of California is not clearly erroneous. Because Ross was not admitted to practice before the district court, the court properly concluded that he engaged in the unauthorized practice of law by participating in Sandoval's representation at trial. *See* S.D. Cal. Civ. L.R. 83.3 (requiring that counsel be licensed in California or admitted pro hac vice to appear before the district court); *cf. In re Poole,* 222 F.3d 618 (9th Cir.2000) (bankruptcy attorney properly admitted under local rules to practice in the relevant federal district court is eligible to receive compensation under the federal bankruptcy code, even though he is not a member of the state bar). The unauthorized practice of law and the misrepresentation of an attorney's status certainly create a special circumstance that would render a fee award to

Sandoval's counsel unjust. *See Z.A. v. San Bruno Park Sch. Dist.*, 165 F.3d 1273, 1276 (9th Cir.1999). The district court did not abuse its discretion in denying Sandoval attorneys' fees. *See Abu–Sahyun v. Palo Alto Unified Sch. Dist.* ., 843 F.2d 1250, 1252 (9th Cir.1988). Because the fee award was denied on account of attorney misconduct and through no fault of the client, counsel may recover no attorneys' fees from Sandoval. The district court shall incorporate our ruling on this point into its final judgment.

We therefore

AFFIRM the judgment as to Sandoval's discrimination claims; as to Sandoval's claims of retaliation with respect to supervisory assignment and rotation; and as to attorneys' fees, except that we order the attorneys' fees judgment modified to provide that Sandoval's attorneys may not recover fees from their client; and

REVERSE the denial of judgment as a matter of law on Sandoval's claim of retaliation with respect to the upgrade, and order the judgment modified accordingly.

Each party shall bear its own costs on appeal.