Allan J. RITTENHOUSE, Appellant,

v.

**DELTA HOME IMPROVEMENT,
INC., Appellee.**

No. 2:00–CV–115.

United States District Court,
W.D. Michigan,
Northern Division.

Nov. 20, 2000.

Alan J. Rittenhouse, Iron Mountain, MI, for plaintiff.

Daniel M. Morley, Butch, Quinn, Rosemurgy, Jardis, Escanaba, MI, for defendant.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

This is an appeal from a decision of the bankruptcy court in *In re Ernest J. Desilets*, 247 B.R. 660 (Bankr.W.D.Mich.2000). On April 17, 2000, Chief Bankruptcy Judge James D. Gregg issued a declaratory judgment, ruling that appellant Allan J. Rittenhouse, counsel of record for debtor Ernest J. Desilets, though duly admitted to practice in the United States District Court and the United States Bankruptcy Court for the Western District of Michigan, was not thereby authorized to practice law in Michigan. Because Rittenhouse had not otherwise been authorized by the State Bar of Michigan to practice law in the State of Michigan, the bankruptcy court held that Rittenhouse was not an "attorney" within the meaning of the Bankruptcy Code, 11 U.S.C. § 101(4). Yet, because Rittenhouse had, for compensation, prepared documents for filing in the bankruptcy court, he was held to be a "bankruptcy petition preparer" under the Bankruptcy Code, 11 U.S.C. § 110(a). Finding that Rittenhouse had failed to comply with several requirements imposed by the Code on bankruptcy petition preparers, the bankruptcy court ordered Rittenhouse to pay a fine of $3,500, and ordered him to disgorge fees charged to debtors in the amount of $872.

On appeal, appellant Rittenhouse, representing himself, insists he is an "attorney" under the applicable law, and not a bankruptcy petition preparer subject to the requirements of 11 U.S.C. § 110. For the reasons that follow, this Court affirms the ruling of the bankruptcy court.

## I

The relevant facts are set forth in detail in the bankruptcy court's opinion, at pp. 6–10. *See Desilets*, 247 B.R. at 665–66. Appellant Rittenhouse has not objected to any of the bankruptcy court's findings of fact. The Court therefore adopts the bankruptcy court's findings of fact and incorporates them herein by reference. For present purposes, it suffices to note the following essential facts.

Appellant Rittenhouse received his Juris Doctor degree from South Texas College of Law in 1992 and was admitted to practice law in the State of Texas in 1992. In December 1992, he moved to Wisconsin, near Iron Mountain in Michigan's upper peninsula. His applications for admission to the State Bars of Wisconsin and Michigan were denied. In February 1994, Rittenhouse applied for and was granted admission to the bar of the United States District Court for the Western District of Michigan. Thereafter, he opened an office in Iron Mountain, Michigan. He also has an office in his home in Wisconsin. Since 1995, his practice has generally been limited to bankruptcy matters. Ninety-eight percent of his client contacts have been made at his Iron Mountain office. In 1998 and 1999, he filed over 300 bankruptcy petitions each year in the Bankruptcy Court for the Western District of Michigan. Rittenhouse admitted his work on bankruptcy matters has required him to advise his clients regarding bankruptcy estate exemptions under Michigan law and regarding the impact of Michigan law on the priority of security interests. In fact, his representation of Mr. Desilets in the instant bankruptcy case required Rittenhouse to conduct an analysis of the Michigan Builders Trust Fund Act, M.C.L. § 570.151 *et seq.*

In July 1995, the State Bar of Michigan advised Rittenhouse by letter that his admission to practice in the federal courts did not authorize him to hold himself out as an attorney engaged in the practice of

law in Michigan. Unless he were admitted to the State Bar of Michigan, the letter advised, his conduct could be deemed to constitute the unauthorized practice of law. Rittenhouse responded by letter justifying his conduct. He apparently received no further correspondence from the State Bar until December 9, 1999, when an action was commenced against him by the State Bar in the Dickinson County Circuit Court seeking to enjoin conduct deemed to constitute the unauthorized practice of law.[1]

In the instant matter, a Chapter 7 bankruptcy proceeding, a creditor, Delta Home Improvement, Inc., moved the bankruptcy court to issue an order suspending debtor's counsel, Rittenhouse, from further practice in the bankruptcy court (because he had engaged in the unauthorized practice of law) and requiring him to disgorge fees received from the debtor. The bankruptcy court declined to suspend Rittenhouse, concluding such an order could only be issued by an *en banc* panel of the bankruptcy court, pursuant to Local Bankruptcy Rule 2093(a). The bankruptcy court did, however, conclude and declare that Rittenhouse had engaged in the unauthorized practice of law. The declaratory judgment includes imposition of a fine and orders Rittenhouse to disgorge fees.[2]

## II

For the Court reviews the bankruptcy court's findings of fact for clear error

and its conclusions of law *de novo*. *In re Baker & Getty Financial Services, Inc.,* 106 F.3d 1255, 1259 (6th Cir.1997). Because appellant has not challenged any findings of fact, the appeal is confined to issues of law. Having thoroughly considered the bankruptcy court's 35–page opinion and having subjected it to *de novo* review in light of appellant's objections, the Court finds no error. The bankruptcy court's reasoning is thorough and explicit, fairly and completely disposing of all issues now properly raised on appeal. One matter only bears further exposition.

## III

For purposes of the Bankruptcy Code, "attorney" is defined as "attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law." 11 U.S.C. § 101(4). In concluding that Rittenhouse is not an attorney authorized to practice law under applicable law, the bankruptcy court correctly observed that rules of both federal and state law determine who is authorized to practice law in the bankruptcy court. By virtue of his membership, in good standing, in the bar of the State of Texas, Rittenhouse undisputedly satisfied the federal local rule eligibility requirements for admission to practice in the bankruptcy court. *See* W.D.Mich.L.Civ.R. 83.1(c)(i); W.D.Mich.L.B.R. 2091(a).[3] Yet,

---

1. The state court action was terminated on August 18, 2000, by the issuance of a stipulated injunction prohibiting Rittenhouse from engaging in certain prescribed conduct deemed to constitute the unauthorized practice of law. *State Bar of Michigan v. Rittenhouse,* No. D99–11114–CZ (Dickinson County Cir.Ct., Aug. 18, 2000).

2. The matter of Rittenhouse's suspension was referred for *en banc* consideration by the bankruptcy court. This proceeding recently culminated in the issuance, upon the parties' agreement and consent, of an "Order Indefinitely Suspending Allan J. Rittenhouse from Appearing before the United States Bankruptcy Court and Enjoining Allan J. Rittenhouse from Practicing Law Regarding All Actions and Potential Disputes Arising in, Arising un-

der, or Related to Past, Pending, and Future Bankruptcy Cases." *In re Ernest J. Desilets,* No. GM 99–90364 (Bankr.W.D.Mich., Sept. 26, 2000).

3. Rule 83.1(c)(i) provides in pertinent part:

*Eligibility*—A person who is duly admitted to practice in a court of record of a state, and who is in active status and in good standing, may apply for admission to the bar of this Court [i.e., the United States District Court for the Western District of Michigan]....

Rule 2091(a) provides in relevant part:

*Admission to Practice*—Membership in the bar of the United States District Court for the Western District of Michigan is required for practice before this Court [i.e., the Bankruptcy Court].

the bankruptcy court noted that the federal rules do not define "attorney" or even "the practice of law." These are matters traditionally governed by state law. *See Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979). The bankruptcy court therefore turned to Michigan law to determine whether Rittenhouse passed muster as an attorney authorized to practice law under the governing state rules.

In Michigan, the conduct of lawyers and the practice of law are regulated by statute and by rules of the Michigan Supreme Court. *See State Bar of Michigan v. Cramer,* 399 Mich. 116, 132, 249 N.W.2d 1 (1976); M.C.L. §§ 600.901 *et seq.* Applying these standards, the bankruptcy court determined that Rittenhouse, who was undisputedly denied admission to the State Bar of Michigan, had engaged in the "unauthorized practice of law," as defined by M.C.L. § 600.916,[4] by virtue of (1) having maintained, not a temporary, but a *permanent* office in Michigan; and (2) having there *regularly,* and not merely occasionally, engaged in conduct constituting the "practice of law" in relation to his bankruptcy practice. Inasmuch as Rittenhouse's conduct in relation to his bankruptcy practice was thus deemed to constitute the unauthorized practice of law under Michigan law, the bankruptcy court concluded that Rittenhouse was not an attorney authorized to practice law under applicable (i.e., Michigan) law within the meaning of the Bankruptcy Code.

Appellant Rittenhouse does not deny that he engaged in the practice of law in Michigan. He argues rather that such practice was limited to bankruptcy matters

and was authorized by virtue of his admission to practice in the bankruptcy court. To the extent enforcement of relevant state law provisions would conflict with the local rules of this Court and the bankruptcy court, Rittenhouse contends the federal rules preempt the contrary state rules.

The bankruptcy court correctly rejected this preemption argument, holding that the relevant federal and state rules govern different spheres of conduct and are complementary. They are not in conflict, but are easily reconcilable, rendering the preemption argument *non sequitur.* The bankruptcy court's reasoning in this regard is well-explained. It is appropriate now to augment it on review only because appellant has cited a recent decision of the Ninth Circuit Court of Appeals that appears to call it into question.

In *In re Poole,* 222 F.3d 618 (9th Cir. 2000), the Ninth Circuit was confronted with similar facts and arguments and rejected the analysis employed by the bankruptcy court in this case. In *Poole,* attorney Michael T. Smith was a member of the Illinois State Bar and had been admitted to practice in the Arizona federal courts, where he represented clients in bankruptcy matters, although he was not a member of the Arizona State Bar. In a Chapter 13 bankruptcy proceeding in the District of Arizona, the trustee moved for an order requiring Smith to disgorge his fees because he was not an attorney authorized to practice law under applicable (i.e., Arizona) law. The bankruptcy court denied the motion. On appeal, the Bankruptcy Appellate Panel, reviewing for abuse of discretion only, affirmed based on two lines of

---

4. M.C.L. § 600.916 provides as follows:

It is unlawful for any person to practice law, or to engage in the law business, or in any manner whatsoever to lead others to believe that he is authorized to practice law or to engage in the law business, or in any manner whatsoever to represent or designate himself as an attorney and counselor, attorney at law, or lawyer, unless the person so doing is regularly licensed and authorized to practice law in this state. Any person who violates the provisions of this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter.

reasoning. *See In re Mendez*, 231 B.R. 86 (9th Cir. BAP 1999).[5]

First, the court took pains to distinguish the facts relating to attorney Smith from those presented in *In re Peterson*, 163 B.R. 665 (Bankr.D.Conn.1994), the case most heavily relied on by the bankruptcy court in this case. Unlike the facts presented in *Peterson* and in the instant case, the record concerning the scope of attorney Smith's legal activities in Arizona— e.g., the nature of any office maintained in Arizona, whether and the extent to which he solicited clients in Arizona, and the extent to which his practice in Arizona touched upon matters of Arizona state law—was not developed. *Mendez*, 231 B.R. at 91. The record was simply insufficient to support a finding that Smith had engaged in the unauthorized practice of law in Arizona.

Secondly, the Bankruptcy Appellate Panel concluded that the trustee's objection to Smith's entitlement to compensation under the Bankruptcy Code necessarily called into question his admission to practice in the Arizona federal courts. An objection to his admission to practice in the federal courts was summarily held to be properly addressed to the district court, not the bankruptcy court. *Id.* at 91–92. Accordingly, the bankruptcy court's denial of relief was held not to be an abuse of discretion.

In its review of the Bankruptcy Appellate Panel's ruling, the Ninth Circuit focused exclusively on the second of the above two lines of reasoning. The court emphasized that the state and federal judicial systems are separate and independent, each having autonomous control over the conduct of its officers. *Poole*, 222 F.3d at 620. Because it would be "inappropriate" for a federal court to rely on rules of state law to regulate conduct of attorneys admitted to practice before it, the *Poole* court concluded that Arizona law could not be the "applicable law" to which the Bankruptcy Code refers. *Id.* at 622. The Ninth Circuit implied that state law rules governing the practice of law, were, to the extent they purported to regulate practice before the federal courts, preempted. *Id.* The court thus affirmed the refusal to order disgorgement of fees collected by attorney Smith, without explicitly defining what law would apply in determining whether Smith (a) was an "attorney" within the meaning of the Bankruptcy Code or (b) on the other hand, had engaged in the unauthorized practice of law.

■ This Court remains unpersuaded by the Ninth Circuit's rather terse analysis. By refusing to recognize or even mention rulings such as *Desilets* or *Peterson*, or other decisions in accord with them,[6] the Ninth Circuit appears to have disregarded the settled truism that state law governs the practice of law within a state's borders except to the *limited* extent necessary for the accomplishment of federal objectives. *See Sperry v. State of Florida*, 373 U.S. 379, 402, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963). That is, the state law must yield only when incompatible with federal law. *Id.* at 384, 83 S.Ct. 1322.

Here, the bankruptcy court has ably explained that the applicable state and federal rules are not incompatible. It follows that Michigan standards relating to the unauthorized practice of law within Michigan need not yield, but are properly re-

---

5. The *Mendez* case appears to be a companion case to the *Poole* case, both involving motions by the same bankruptcy trustee for disgorgement of fees by the same attorney, Michael T. Smith, based ostensibly on the same facts and law. Both cases appear to have received identical treatment by the bankruptcy court, the Bankruptcy Appellate Panel and the Ninth Circuit. *See In re Mendez*, 230 F.3d 1367, 2000 WL 1210128 (Table) (9th Cir. Aug. 25, 2000) (affirming judgment of the Bankruptcy Appellate Panel for reasons set forth in *Poole*, 222 F.3d 618).

6. *See e.g., Attorney Grievance Commission of Maryland v. Harris–Smith*, 356 Md. 72, 737 A.2d 567 (1999). *See also Attorney Grievance Commission of Maryland v. Bridges*, 360 Md. 489, 759 A.2d 233 (2000).

spected and enforced, without improperly infringing the autonomy of federal regulation of attorneys' practice in federal courts. Indeed, where, as here, a creditor has legitimately challenged the debtor's payment of bankruptcy estate assets to a lawyer who is not licensed to practice law in the state where his permanent office is located and where he has undisputedly engaged in the practice of law, thus requiring the bankruptcy court to determine whether the attorney is an "attorney" within the meaning of the Bankruptcy Code; and where the facts of the case implicate application of both federal and state law rules, rules which are reconcilable and compatible; the bankruptcy court would appear to have no legitimate alternative but to resort to the relevant state law standards, at least partly, in adjudicating the motion before it.

The Court thus rejects *Poole's* holding that state law rules "cannot be the 'applicable law' " by which an attorney's authorization to practice law, within the meaning of the Bankruptcy Code, is not judged. The bankruptcy court did not err, therefore, in applying Michigan law. The Court also concludes, consistent with the findings of the Ninth Circuit Bankruptcy Appellate Panel in *Mendez,* see 231 B.R. at 90–91, and of the bankruptcy court in this case, that the facts in *Peterson,* to which the instant facts are more closely analogous, are distinguishable from those presented in *Poole.* For the reasons stated by the bankruptcy court, its holding that appellant Rittenhouse had engaged in the unauthorized practice of law and was not an "attorney" within the meaning of the Bankruptcy Code represents a correct application of governing law.

■ Moreover, the Court finds that the bankruptcy court properly denied the motion of appellee Delta Home Improvement, Inc., to suspend Rittenhouse from practicing in the bankruptcy court. By appropri-

ately limiting the remedy decreed to the imposition of a fine, the disgorgement of fees, and circumscribed declaratory relief (to the effect that Rittenhouse is not, by virtue of his admission to practice in the federal courts, authorized to hold himself out as an attorney or otherwise practice law in Michigan), the bankruptcy court judiciously avoided the sort of judicial overreaching which appears to have been a central concern of the Ninth Circuit in *Poole.* See 222 F.3d at 622–23. The Ninth Circuit observed that a collateral attack in a bankruptcy proceeding was not the appropriate method of challenging an attorney's right to practice before the bankruptcy court because due process may not have been afforded. Here, in contrast, the bankruptcy court, by referring the matter of Rittenhouse's suspension for *en banc* consideration in accordance with local rule requirements, properly ensured that Rittenhouse would be afforded due process.[7] Thus, the relief here awarded by the bankruptcy court is closely and properly tailored to resolution of the fundamental issue properly presented: whether Rittenhouse was, for purposes of the pending bankruptcy proceedings, an "attorney" entitled to compensation under the Bankruptcy Code.

For these reasons, and for the reasons stated by the bankruptcy court in its well-written opinion, which the Court adopts by reference, the judgment of the bankruptcy court will be affirmed.

### IV

■ In conjunction with this appeal, appellee Delta Home Improvement has also moved for imposition of sanctions pursuant to 11 U.S.C. § 110(i)(2). Under § 110(i)(2), a movant, such as a creditor, who seeks compensation, on behalf of the debtor, for damages incurred by the debtor as a consequence of a bankruptcy petition preparer's violations, may recover

---

**7.** The *en banc* court's September 26, 2000 order suspending Rittenhouse is not a subject of this appeal.

$1,000 from the bankruptcy petition preparer, plus reasonable attorney's fees and costs. Rittenhouse contends Delta Home Improvement has not made a motion for damages on behalf of the debtor, Ernest J. Desilets. Delta Home Improvement has made no reply.

Under § 110, disgorgement of fees is treated as a remedy distinct from payment of damages. *See* 11 U.S.C. § 110(h) and (i). Hence, Delta Home Improvement's request for an order requiring Rittenhouse to disgorge fees pursuant to § 110(h) cannot fairly be deemed to also represent a motion for payment of debtor's damages pursuant to § 110(i). Nor has Delta Home Improvement asserted or attempted to demonstrate that Ernest J. Desilets suffered any other damages as a result of Rittenhouse's violations.

It follows that the predicate motion for damages on behalf of the debtor has not been made and the motion for sanctions pursuant to § 110(i) must be denied.

### V

A judgment order consistent with this memorandum opinion shall issue forthwith.