ORDER

The debtor-appellant, Darryl Wade Riser, moves for in forma pauperis status and appeals a decision of the Bankruptcy Appellate Panel (BAP) that affirmed the denial of several motions he filed in the bankruptcy court to discipline and disbar the Chapter 7 trustee and the debtor’s former counsel. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
Because the parties are familiar with the factual and procedural history of this case, we need not recount it here. Suffice it to say that on January 11, 2001, the Chapter 7 trustee filed a complaint to recover an allegedly preferential transfer to Riser’s wife, Sara Wareti. A few days later, Riser filed a motion for hearing regarding discipline and disbarment of the trustee and her counsel, as well as a motion for discipline and disbarment of Herder, his former counsel. Riser filed a jury demand regarding his motion to discipline and disbar the trustee, her attorney and his former counsel.
During the course of the ease, the trustee filed an application for an order requiring Riser to file income tax returns and deliver refund checks to the trustee, as well as a complaint objecting to Riser’s discharge. On March 2, 2001, the bankruptcy court conducted a hearing on all the various motions. On March 16, 2001, the bankruptcy court denied Riser’s motions for discipline and disbarment of the trustee, her counsel and Herder, and denied Riser’s jury demand. Further, the bankruptcy court entered an order requiring Riser to file income tax returns and turn over any refund check to the Trustee. Riser appealed to the BAP. The BAP affirmed the denial of the several motions Riser filed in the bankruptcy court to discipline and disbar the Chapter 7 trustee and the debtor’s former counsel. This appeal followed.
Initially, we note that Riser only challenges that part of the BAP’s decision that affirmed the bankruptcy court’s orders: (1) denying Riser’s motion to discipline and disbar the Chapter 7 trustee and her counsel; and (2) denying Riser’s motion to discipline and disbar Mark Herder. Therefore, the remaining issues are considered abandoned and not renewable on appeal. See Kocsis v. Multi-Care Mgmt., 97 F.3d 876, 881 (6th Cir.1996); Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991).
Bankruptcy eases differ from most other federal cases in that the court of appeals does not afford first-instance appellate review. Rather, Congress has provided for intermediate review, conferring on district courts and federal bankruptcy appellate panels the authority to hear appeals from bankruptcy court decisions, but preserving to the parties a right of further review in the courts of appeals. See 28 U.S.C. § 158. Whether such an appeal comes to this court by way of the district court or *171 the BAP, the standard of review is the same: this court focuses on the bankruptcy court’s decision, scrutinizes that court’s findings of fact for clear error, and affords de novo review to its conclusions of law. See Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 280 (6th Cir.1998); Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir.1994). Findings of fact are reviewed under the clearly erroneous standard. See Fed. R. Bankr.P. 8013. A finding of fact is clearly erroneous “when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Tedeschi v. Falvo (In re Falvo), 227 B.R. 662, 663 (B.A.P. 6th Cir.1998) (citations omitted). Conclusions of law are reviewed de novo. “De novo review requires the Panel to review questions of law independent of the bankruptcy court’s determination.” First Union Mortgage Corp. v. Eubanks (In re Eubanks), 219 B.R. 468, 469 (B.A.P. 6th Cir.1998).
At the outset, we question whether the debtor-appellant had standing to challenge the Bankruptcy’s Court refusal to discipline his former counsel and the trustee and her counsel. See Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Assuming without deciding that debtor-appellant had standing, we conclude in any event, upon review, that the bankruptcy court’s finding that no grounds justified the imposition of sanctions against the trustee and her counsel or Riser’s former counsel is not clearly erroneous. The bankruptcy court has the inherent power to discipline an attorney appearing before it under Bankruptcy Code § 105. See Brown v. Smith (In re Poole), 222 F.3d 618, 618 (9th Cir.2000). Local Bankruptcy Rule 2090-2(b) provides that the bankruptcy court may discipline attorneys that practice before it. The sanction of disbarment or suspension is, however, treated differently. Under Local Rule 2090-2, the sanction of disbarment or suspension must be imposed by the district court on the bankruptcy court’s recommendation. This court has noted that the power of disbarment “should not be exercised except in clear cases of misconduct.” In re Spicer, 126 F.2d 288, 289 (6th Cir. 1942).
The trustee of a bankruptcy estate is charged with collecting and liquidating the property of the estate to satisfy creditors’ claims. See 11 U.S.C. § 704(1). In addition, the trustee is responsible for investigating the financial affairs of the debtor, and opposing discharge if advisable.” 11 U.S.C. § 704(4), (6). The record in this case clearly reflects that the trustee and her counsel were simply attempting to fulfill the trustee’s statutory obligations under § 704. The bankruptcy court repeatedly attempted to explain to Riser that the trustee represents the estate and that at times the trustee’s duties will conflict with a debtor’s goals in bankruptcy, especially when a debtor has failed to disclose assets or preferential or fraudulent transfers, as in this case. The bankruptcy court correctly determined that the trustee was not harassing Riser and that her actions were entirely within the scope of a trustee’s normal practice. See 11 U.S.C. § 704. Accordingly, the bankruptcy court did not abuse its discretion in denying the motion for discipline or disbarment of the trustee and her counsel.
Upon further review, we conclude that the bankruptcy court’s denial of Riser’s motion to discipline and disbar attorney Mark Herder was not an abuse of discretion. Riser did not present clear evidence of misconduct, only an allegation of misconduct which Herder denied. Based on the lack of a clear-cut factual basis for the imposition of sanctions, the bankruptcy *172 court’s denial of Riser’s motion was not an abuse of discretion.
Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal, and the BAP’s judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.