In re Kevin J. DOSER and Laura E. Doser, Debtors.

Judith M. Scott Appellant,

v.

United States Trustee, Defendant.

No. CV–02–327–S–BLW.
Bankruptcy No. 01–3630.

United States District Court,
D. Idaho.

March 31, 2003.

## MEMORANDUM DECISION

B. LYNN WINMILL, Chief Judge.

The Court has before it Judith M. Scott's appeal of the Bankruptcy Court's July 3, 2002, Memorandum of Decision and Order. After carefully reviewing the briefing, The Court will deny Ms. Scott's appeal. The Court's rationale is explained below.

## BACKGROUND

Judith M. Scott is a bankruptcy petition preparer for We the People Forms and Service Center of Boise. Kevin J. Doser and Laura E. Doser ("Debtors") filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code (Title 11 U.S.C.) on December 4, 2001. Ms. Scott assisted the Debtors in preparing the petition and signed the petition as a bankruptcy peti-

tion preparer. Debtors paid Ms. Scott $214 for preparing the petition, including $199 for typing and $15 for copy costs.

On December 27, 2001, Chief U.S. Bankruptcy Judge Jim D. Pappas, acting *sua sponte*, issued a Show Cause Order directing Ms. Scott to appear and show cause why the Bankruptcy Court should not find that Ms. Scott violated 11 U.S.C. § 110 through the nature of the services she provided or the amount of compensation she received. After the hearing, the Bankruptcy Court issued an order on July 3, 2002, holding that Ms. Scott had collected and received a payment from the Debtors for court fees in connection with filing their bankruptcy petition in violation of 11 U.S.C. § 110(g)(1). She was fined $10 for the violation under 11 U.S.C. § 110(g)(2). The Bankruptcy Court further held that Ms. Scott's fee of $214 was excessive given the services she provided. The Bankruptcy Court found that a reasonable fee for the services provided would not be more than $100. The Bankruptcy Court ordered Ms. Scott to refund $114 to the Chapter 7 Trustee pursuant to 11 U.S.C. § 110(h)(2) and admonished Ms. Scott that she would be subject to additional sanctions should she not comply with the Bankruptcy Court's orders or otherwise violate 11 U.S.C. § 110.

On July 11, 2002, Ms. Scott filed a notice of appeal from the Memorandum of Decision and Order. She objected to the jurisdiction of the Bankruptcy Appellate Panel for the Ninth Circuit, and the appeal is now before this Court.

## GOVERNING LEGAL STANDARD

■ A bankruptcy court's finding of a violation of 11 U.S.C. § 110 is reviewed under an abuse of discretion standard. *Hastings v. U.S. Trustee (In re Agyekum)*, 225 B.R. 695, 698 (9th Cir. BAP 1998). As such, the Court "must have a definite and

firm conviction that the court below committed a clear error of judgment in the conclusion it reached, before reversal is proper." *In re Crowe*, 243 B.R. 43, 47 (9th Cir. BAP), *aff'd*, 246 F.3d 673 (9th Cir. 2000). The Bankruptcy Court's conclusions of law are reviewed *de novo*. *Hastings*, 225 B.R. at 698.

## ANALYSIS

### Constitutionality of 11 U.S.C. § 110

Ms. Scott presents three arguments that 11 U.S.C. § 110 is unconstitutional. She claims that the statute extends beyond the scope of Congress's powers to regulate under the Bankruptcy Clause, that § 110 restricts free speech rights, and that the statute is vague and overbroad. The Court disagrees with each of these arguments.

■ The Court rejects Ms. Scott's first argument that § 110 exceeds Congress's authority to regulate bankruptcy under the Bankruptcy Clause. Congress enacted § 110 as a consumer protection statute to protect individuals from fraudulent and deceptive conduct by Bankruptcy Petition Preparers ("BPPs"). *In re Farness*, 244 B.R. 464, 468 (Bankr.D.Idaho 2000); *In re Guttierez*, 248 B.R. 287, 297 n. 27 (Bankr.W.D.Tex.2000); *U.S. Trustee v. P.L.A. People's Law–Arizona, Inc. (In re Green)*, 197 B.R. 878, 879 (Bankr.D.Ariz. 1996). Congress's power to regulate BPPs arises from both the Commerce Clause and the Bankruptcy Clause.

In enacting § 110, Congress specifically attempted to address what it identified as a widespread, national problem of fraudulent and deceptive practices by BPPs directed against unsophisticated consumers. The legislative history expresses Congress's concerns:

> Bankruptcy petition preparers not employed or supervised by any attorney

have proliferated across the county. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.

140 Cong. Rec. H10752, H10770 (Oct. 4, 1994); *see also In re Guttierez,* 248 B.R. at 292; *In re Farness,* 244 B.R. at 466–67; *Fessenden v. Ireland (In re Hobbs),* 213 B.R. 207, 210–11 (Bankr.D.Me.1997). The legislative intent to protect consumers is similar to the intent to protect consumers found in other consumer protection laws that have been upheld under the Commerce Clause. For example, in *Perez v. U.S.,* after reviewing the legislative history, the Supreme Court upheld 18 U.S.C. § 891, a consumer protection statute prohibiting loan sharking, as within Congress's power to regulate under Commerce Clause. *Perez v. U.S.,* 402 U.S. 146, 150–57, 91 S.Ct. 1357, 1360–63, 28 L.Ed.2d 686 (1971).

By analogy, § 110 is within Congress's authority to regulate pursuant to the Bankruptcy Clause. The preparation of the petition is essential to the administration of the bankruptcy estate, and the discharge of the debtor is within Congress's power to regulate under the Bankruptcy Clause. *In re Moore,* 283 B.R. 852, 857 (Bankr.E.D.N.C.2002). A similar consumer protection law affecting bankruptcy was upheld by the First Circuit. 18 U.S.C. § 891, the consumer protection statute prohibiting loan sharking, withstood a later challenge that asserted Congress had exceeded its authority under the Bankruptcy Clause. *United States v. Fiore,* 434 F.2d 966 (1st Cir.1970). Again the court looked to the legislative history and found that Congress enacted the legislation to protect the right to discharge debts in bankruptcy. *Id.* at 970; *see also United States v. Biancofiori,* 422 F.2d 584, 586 (7th Cir.1970) (upholding loan sharking prohibition under the Commerce Clause and Bankruptcy Clause). The Court therefore concludes that Congress's authority to regulate BPPs under § 110 can be found in both the Commerce Clause and the Bankruptcy Clause.

■ The Court likewise rejects Ms. Scott's second challenge that § 110 unconstitutionally restricts her First Amendment speech rights. The Ninth Circuit Bankruptcy Appellate Panel considered whether § 110 infringed upon free speech in *In re Crowe,* 243 B.R. at 50. At issue was a book authored by a BPP that guaranteed, "[i]f you buy my book and can't complete the forms yourself, I will do it for free." *Id.* In considering the decision, the panel found that the BPP was selling his services, not his books. *Id.* In a similar manner, Ms. Scott is not simply distributing or selling information like a bookstore. Instead, Ms. Scott is selling her services as a BPP, and in that capacity she distributes a select few pamphlets of information that advise debtors on how to complete a bankruptcy petition. Thus, this case appears to fall within the analysis of *In re Crowe. See also In re Kaitangian,* 218 B.R. 102, 107–108 (Bankr.S.D.Cal.1998) (finding BPP's advertisement was unprotected speech that was inherently misleading or deceptive); *In re Farness,* 244 B.R. at 469 (striking word "legal" from BPP's advertisement).

■ The Court is also not persuaded by Ms. Scott's third argument that § 110 is unconstitutionally vague and overbroad. "[L]aws regulating economic activity not

involving constitutionally protected conduct are subject to a quite lenient test for constitutional sufficiency." *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 915 (9th Cir. 1988); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Applying this standard, the Court finds that § 110 is not vague. BPPs are defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" by a debtor in the United States bankruptcy court. § 110(a)(1). BPPs are prohibited from collecting payments for court fees in connection with filing the petition and prohibited from collecting fees "in excess of the value of services rendered for the documents prepared." §§ 110(g)(1),(h)(2). Given the definitions in the statute, a person of ordinary intelligence would have fair notice of what conduct was forbidden under § 110.

 In the case of a statute where "despite some possibly impermissible application, the remainder of the statute covers a whole range of easily identifiable and constitutionally proscribable conduct[,]" the Court will not strike the statute for being overbroad. *Secretary of State of Maryland v. J.H. Munson Co.*, 467 U.S. 947, 964–65, 104 S.Ct. 2839, 2851, 81 L.Ed.2d 786 (1984) (quotations omitted). Such is the case here. Section 110 is limited to proscribing unfair and deceptive conduct by BPPs. The Court may easily construe § 110 to avoid constitutional problems. *New York v. Ferber*, 458 U.S. 747, 769–70, 102 S.Ct. 3348, 3361–62, 73 L.Ed.2d 1113 (1982). Section 110 is limited to a narrow range of conduct, and the Court concludes that § 110 is not overbroad.

***Bankruptcy Court Procedures***

Ms. Scott argues that the notice she received by the Bankruptcy Judge was insufficient and denied her due process. She also argues that the Bankruptcy Judge had no authority to raise § 110 *sua sponte*.

 Despite Ms. Scott's claims, the Bankruptcy Judge gave Ms. Scott sufficient notice of the Court's concerns and an ample opportunity to be heard. *See* 11 U.S.C. § 102(1) (requiring "such notice as is appropriate under the circumstances" and "such opportunity for a hearing as is appropriate under the circumstances."). The Order to Show Cause that was sent to Ms. Scott stated:

> Judith M. Scott . . . is [ ] therefore a "bankruptcy petition preparer" and is subject to 11 U.S.C. § 110. It also appears from the record that the compensation paid by Debtors to said Judith M. Scott, $214.00, may be in excess of the reasonable value of services she rendered, and in excess of that charged by several other bankruptcy petition preparers in this District. In addition, in light of the amount of the fee charged by Judith M. Scott, it appears to the Court there may be some question whether the service provided by said Judith M. Scott have been limited to those appropriate under the law.
>
> . . .
>
> IT IS HEREBY ORDERED THAT said Judith M. Scott appear before this Court . . . to show cause, if any she has, why this Court should not find that said Judith M. Scott has violated the terms and provisions of 11 U.S.C. § 110 and other applicable law with respect to the nature of the services she has provided and/or the amount of the compensation she has been paid by and received from the above-named Debtors, in this case.

*Order to Petition Preparer to Show Cause,* December 27, 2001, p. 2–3 (Docket No. 4).

The Bankruptcy Court provided Ms. Scott the opportunity to appear with counsel, file written submissions, present oral argument and witness testimony, and fully brief all of the issues. *Id.* at 3–4. She was notified seven weeks before her scheduled appearance. *Id.* at 3. The Court finds this notice was more than sufficient to protect Ms. Scott's due process rights.

▋▋▋▋ The Court disagrees with Ms. Scott's assertion that the Bankruptcy Judge did not have the authority to raise *sua sponte* her compliance with § 110. While that statute does not include the Court in its list of entities that "may file" motions, the list is not identified as being all-inclusive. Moreover, a bankruptcy court may initiate § 110(j) actions *sua sponte* under § 105(a). *In re Graves,* 279 B.R. 266, 274 (9th Cir. BAP 2002). Section 105(a) entitles the bankruptcy court, sua sponte, to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process" even though the Bankruptcy Code calls for the issue to be raised by a party in interest. 11 U.S.C. § 105(a). In deciding that the bankruptcy court may *sua sponte* raise actions under § 110(j), *Graves* reasoned that all of the potential plaintiffs listed in § 110(j) were "injured in fact" when § 110 is violated by a bankruptcy petition preparer. *Id.* at 273. *Graves* concluded that, "[t]he fact that Congress gave statutory standing to debtors, creditors, trustees, and U.S. trustees does not, however, preclude the bankruptcy court from raising the §§ 110(j) injunction issue by way of an order to show cause." *Id.*

The Court notes that the exercise of the § 105(a) power cannot be inconsistent with provisions of the Bankruptcy Code and must be either "necessary or appropriate to carry out the provisions of" the Bankruptcy Code. *Yadidi v. Herzlich (In re Yadidi),* 274 B.R. 843, 848 (9th Cir. BAP 2002). With this caution, the Court adopts the reasoning of the Ninth Circuit Bankruptcy Appellate Panel, and finds that the bankruptcy court may exercise the § 105(a) power to sua sponte raise § 110(h) actions through use of an order to show cause.

### Findings that Ms. Scott Engaged in Deceptive and Unfair Conduct

Ms. Scott argues that the Bankruptcy Court improperly concluded that Ms. Scott was engaged in deceptive and unfair conduct under § 110. In challenging the decision, Ms. Scott does not challenge any of the factual findings of the Bankruptcy Court, and even should the Court construe her arguments to challenge the factual findings, Ms. Scott does not provide a transcript of the proceedings for the Court to review. Therefore, the Court accepts all of the Bankruptcy Court's findings and reviews only the conclusions of law. Based on the Court's review, the Court agrees with the Bankruptcy Court's conclusion that Ms. Scott engaged in deceptive and unfair practices under § 110.

▋▋▋▋ The unauthorized practice of law constitutes a "fraudulent, unfair, or deceptive act" within the context of § 110. *In re Bush,* 275 B.R. 69, 83 n. 26 (Bankr.D.Idaho 2002); *In re Dunkle,* 272 B.R. 450, 456 (Bankr.W.D.Pa.2002); *In re Moffett,* 263 B.R. 805, 813 (Bankr.W.D.Ky. 2001). Defining the unauthorized practice of law pursuant to § 110, the Bankruptcy Court in Idaho has found:

[A] bankruptcy petition preparer cannot assist the debtor in completing forms, provide legal advice that would assist a prospective debtor in making determinations as to which type of bankruptcy to file or which exemptions to take, or direct clients to particular legal publications or specific pages so that they can attempt to find legal answers

on their own. The very act of directing a prospective debtor to review a particular section of a legal book in and of itself constitutes legal advice. By focusing on one answer and excluding others, the bankruptcy petition preparer steps over the line. As stated by the District Court, "Legal advice is legal advice, whether it comes directly from the petition preparer or indirectly via, for example, a bankruptcy treatise being recited by that preparer. Persons seeking legal assistance tend to place their trust in an individual purporting to have expertise in that area." *Florida Bar v. Brumbaugh*, 355 So.2d 1186 (Fla.1978). *In re Bush*, 275 B.R. at 78–79. The Court agrees with this analysis.

■■■ Ms. Scott offers prospective debtors the services of a Supervising Attorney to "chat with ... at no additional cost[.]" *Memorandum of Decision*, July 3, 2002, p. 12, 27 (Docket No. 28). However, the attorney does not review the applications, does not represent Ms. Scott's clients, and does not provide answers to specific questions. Offering these services in connection with preparing the petition misleads debtors into believing that the services offered by We The People are more reliable than those that do not offer attorneys with whom debtors may "chat." This is a deceptive and unfair act. *See In re Moore*, 283 B.R. 852, 853 (Bankr. E.D.N.C.2002). Furthermore, were the Supervising Attorney to provide any of the above services, these services would be beyond what a BPP may provide. Even answering general questions or recommending books for the potential debtors to consult is practicing law within the context of § 110.

■■■ Ms. Scott provided Debtors with a copy of two books, the Overview and the Workbook. Providing copies of these two books leads potential debtors to believe that all of the legal information they need to decide whether to file for Chapter 7 bankruptcy is being provided to them. That is not the case here. The Overview contains explicit legal advice about the selection of exemptions and other matters. The information provided to potential debtors is incomplete and at times misleading, but even if it were complete, a BPP is prohibited from providing this information. *See In re Bush*, 275 B.R. at 78–79; *see also In re Farness*, 244 B.R. at 472, n. 10; *In re McCarthy*, 149 B.R. 162, 167 (Bankr.S.D.Cal.1992). The Workbook contains simplified instructions for completing a bankruptcy petition, but "[a]ttempts through a questionnaire to 'simplify' the questions posed and information required in the official bankruptcy forms usually leads to the exercise of judgment by the BPP in how best to accomplish that result, which in turn inevitably crosses the line by giving potential debtors guidance and advice on how to fill out the forms." *Memorandum and Decision*, p. 37. The Bankruptcy Court found simplifications that change the definition of "current market value" to "quick-sale" or what may be obtained at a "garage sale;" defines "animals" as "Farm, not pets;" recommends debtors not list government-guaranteed student loans as unsecured debts; and lists only "net income" from second jobs for budgeting instead of the required gross income. *Memorandum and Decision*, p. 38–39. These definitions are misleading, and providing the Overview and Workbook to potential debtors is a "fraudulent, unfair, or deceptive act" within the context of § 110.

***Appropriate Fees***

■■■ The Bankruptcy Court did not abuse its discretion in determining that Ms. Scott's fees were excessive. A BPP's compensation is limited to typing services.

*In re Bush,* 275 B.R. at 78–80. The Bankruptcy Court noted that this was a straightforward consumer Chapter 7 case with relatively few assets and debts. The Bankruptcy Court did not abuse its discretion in finding that a reasonable compensation for the typing services provided Debtors should be compensated at a rate of $30 per hour for three hours. This Court agrees with the Bankruptcy Court's conclusion that Ms. Scott is not able to bill approximately four hours for services such as providing the Workbook and Overview, discussing with Debtors the option to "chat" with the Supervising Attorney. She is prohibited from providing these services under § 110. The Court therefore affirms the Bankruptcy Court's conclusions of law and finds that the Bankruptcy Court did not abuse its discretion in limiting Ms. Scott's fees to only $100.

 The Bankruptcy Court did not abuse its discretion by imposing a $10 fine on Ms. Scott. Ms. Scott may not accept from debtors a check or money order for filing fees. *See In re Green,* 197 B.R. at 881 (Bankr.D.Ariz.1996); *in re Bonarrigo,* 282 B.R. 101, 106–107 (D.Mass.2002); *In re Alexander,* 284 B.R. 626, 632–34 (Bankr. N.D.Ohio 2002); *In re Avery,* 280 B.R. 523, 531–33 (Bankr.D.Colo.2002); *In re Moffett,* 263 B.R. at 812; *In re Jones,* 227 B.R. 704, 705–706 (Bankr.S.D.Ind.1998). *But see In re Reed,* 208 B.R. 695, 696–97 (Bankr.N.D.Cal.1997). The Court properly fined Ms. Scott within 11 U.S.C. § 110(g)(2).

For all of these reasons, the Court will affirm the decision of the Bankruptcy Court. The Court will issue a separate Judgment.