In re BANKRUPTCY PETITION PREPARERS WHO ARE NOT CERTIFIED PURSUANT TO REQUIREMENTS OF THE ARIZONA SUPREME COURT,

Roger Brown, Appellant,

State Bar of Arizona; United States Trustee; Russell Brown, Chapter 13 Trustee, Amici Curiae.

BAP No. AZ–03–1592–BKMO.
Adversary No. 03–00741–PHX–CGC.

United States Bankruptcy
Appellate Panel
of the Ninth Circuit.

Argued and Submitted Jan. 22, 2004.

Filed Feb. 23, 2004.

Roger Brown, Phoenix, AZ, Pro se Appellant.

Robert B. Van Wyck, State Bar of California, Phoenix, AZ, for State Bar of Arizona.

Russell A. Brown, Phoenix, AZ, Chapter 13 Trustee.

Richard J. Cuellar, Office of the United States Trustee, Phoenix, AZ, for United States Trustee.

Before: BRANDT, KLEIN, and MONTALI, Bankruptcy Judges.

## OPINION

BRANDT, Bankruptcy Judge.

The bankruptcy court issued a general order requiring every bankruptcy petition

preparer (hereinafter, "BPP") in the District of Arizona to be certified under a new state regulation scheme. Following a show cause hearing, it entered an order enjoining Roger Brown ("Brown" or "appellant") from preparing any further documents for filing in bankruptcy court until he obtained certification. Brown appealed, seeking to vacate the injunction and challenging the validity of the general order to the extent it enforces the state rule.

The salient question is whether the bankruptcy court may validly order that BPPs, all of whom are subject to § 110,[1] also comply with state certification requirements established to regulate the unauthorized practice of law. We answer the question in the affirmative, declining appellant's invitation to pass on the validity of an Arizona rule and, construing that rule as requiring that he be certified, AFFIRM.

## I. FACTS

This appeal involves the enforcement and application of amended Rule 31[2] of the Rules of the Supreme Court of Arizona via a general order of the bankruptcy court. Rule 31(a)(2)(A) provides:

"Practice of law" means providing legal advice or services to or for another by:

(1) preparing any document in any medium intended to affect or secure legal rights for a specific person or entity;

. . .

(4) preparing any document through any medium for filing in any court, administrative agency or tribunal for a specific person or entity; . . .

Rule 31(b) provides that no person shall practice law unless he or she is an active member of the state bar, and Rule 31(c) establishes a number of exceptions to this requirement, including one for certified legal document preparers:

Nothing in these rules shall prohibit a certified legal document preparer from performing services in compliance with the Arizona Code of Judicial Administration, Part 7, Chapter 2, Section 7–208.

Rule 31(c)(23).

A "legal document preparer" is defined as:

an individual who is certified pursuant to this section to prepare or provide legal documents, without the supervision of an attorney, for an entity or a member of the public who is engaging in self representation in any legal matter. *An individual whose assistance consists merely of secretarial or receptionist services is not a legal document preparer.*

Arizona Code of Judicial Administration, Part 7, Ch. 2, § 7–208(A) (emphasis added). The Board of Legal Document Preparers (the "Board"), appointed by the Chief Justice of the Supreme Court of Arizona, is authorized to certify legal document preparers. Arizona Code of Judicial Administration, Part 7, Ch. 2, § 7–208(D)(4).[3]

---

1. Absent contrary indication, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and "FRBP" references are to the Federal Rules of Bankruptcy Procedure.

2. "Rule" references are to the Rules of the Supreme Court of Arizona. Rule 31, adopted 16 January 2003 by the Supreme Court of Arizona's Administrative Order 2003–14, is codified as Arizona Code of Judicial Adminis-

tration, Part 7, Chapter 2, § 7–208, and became effective 1 July 2003. The Arizona Code of Judicial Administration is found at www.supreme.state.az.us/orders/admcode/curcode.

3. The certification rules are quite extensive: they enact a code of ethics, an examination for admission, educational and experience criteria, written disclaimers to be given to consumers, and continuing education

Thus, certified legal document preparers may perform specified legal services, provided they comply with the Arizona Code of Judicial Administration, but are not permitted to give legal advice or to engage in the unauthorized practice of law.[4]

The Bankruptcy Court of the District of Arizona issued General Order No. 89 (the "General Order"), effective 1 July 2003. It provides in pertinent part:

> [O]nly bankruptcy petition preparers, as defined by 11 U.S.C. Section 110, who are certified legal document preparers pursuant to the Rules of the Supreme Court of Arizona are permitted to prepare documents for filing in the United States Bankruptcy Court for the District of Arizona.

The General Order also warns that "[i]f not so certified, the bankruptcy petition preparer may be engaged in the unauthorized practice of law" and that any uncertified BPP "may be subject to the sanctions under 11 U.S.C. Section 110 and/or as provided by law."

On 25 August 2003 the bankruptcy court sua sponte issued an Order to Show Cause and Order Designating Adversary Proceeding (the "Show Cause Order")[5] to Brown and to several other individuals who allegedly "prepared bankruptcy petitions for filing without holding the State Board certification."

Although Brown has applied for Board certification, he has been denied twice. He responded to the Show Cause Order with an Answer to Show Cause and Motions to Dismiss or Separate wherein he set forth various defenses, including his challenge to the validity of the General Order. He argued that Rule 31 creates two classifications, that the General Order allows only one of those classifications to have access to the bankruptcy court, and that the General Order is in conflict with § 110 and is therefore invalid.

The court held a hearing on 25 September 2003. While the transcript of that hearing Brown has provided us is incomplete, it is evident that during the course of the hearing he advised the court that he wished to conduct discovery. The court continued the hearing as to Brown to 24 November, and concluding the discovery colloquy with Brown, stated:

> THE COURT: I will advise you that under this miscellaneous adversary proceeding that we have started here, even though there's really no plaintiff and no defendant—that makes it more difficult ... you're authorized to take whatever discovery you think is appropriate from whatever parties in accordance with the Federal Rules of Civil Procedure. But that's really up to you.
>
> The board is really not a party. And I don't know what the board wants to do with regard to that, ... the supreme court is not a party.
>
> What we're trying to do is enforce our ... order that's based upon the supreme court rule. So if I have to decide this,

---

courses. Arizona Code of Judicial Administration, Part 7, Ch. 2, § 7–208(E).

**4.** The Code of Judicial Administration, Part 7, Ch. 2, § 7–208(F)(1), differentiates among three types of services that a certified legal document preparer may provide: preparing or providing legal documents (a), making legal forms and documents available (d), and filing and arranging for service of legal forms and documents (e).

**5.** The Show Cause Order was not in the excerpts of record. We obtained a copy from the bankruptcy court and hereby include it in the record on appeal. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957–58 (9th Cir.1989)(the Panel may take judicial notice of the bankruptcy records).

I'm going to need a factual record, which means ... whoever is going to be involved has to be able to develop the factual record.

Transcript, 25 September 2003, 6:22 to 7:13.

On 14 October Brown filed a Motion For Discovery and Production of Documents. There he requested a broad list of materials, including a list of state witnesses, copies of documents and communications concerning the adversary proceeding, the bankruptcy court's documentation leading to the issuance of the General Order, and background information about bankruptcy court employees involved in the drafting of the General Order. He asked that those materials be provided by "Plaintiff, or this Court if there is no plaintiff, should endeavor to produce the above requested discovery to the defendant...."

On 4 November 2003 the bankruptcy court issued an order (the "Order") enjoining Brown:

> from preparing any document for filing in the United States Bankruptcy Court for the District of Arizona until such time as he ... has been duly certified by the Board of Legal Document Preparers pursuant to the rules and regulations of the Arizona Supreme Court.

Order, ¶ 2. Addressing Brown's challenge to the validity of the General Order, it further provided:

> The court concludes that it will enforce General Order No. 89 and to the extent that those motions challenge the validity of the General Order, such issues will need to be determined by an appellate court, or in a separate proceeding before a court of appropriate jurisdiction, provided such proceedings are pursued.

*Id.* at ¶ 3. The court also denied Brown's discovery motion and vacated the scheduled 24 November hearing.

Brown timely appealed. Because the Order affected Brown's ability to earn a living, he requested an expedited hearing, which we granted. We also invited amicus curiae briefs, and issued orders permitting the State Bar of Arizona, Russell Brown (a chapter 13 trustee), and the U.S. Trustee, to file amicus curiae briefs. All three appeared at oral argument.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1), and we do under 28 U.S.C. § 158(c).

## III. ISSUES

We are presented with a sketchy record, with briefs not complying with FRBP 8010, and with issues raised orally at argument. As we discern Brown's contentions, they are:

first, that the Supreme Court of Arizona had no authority under state law to adopt Rule 31;

second, he argues that Rule 31 leaves intact a category of "secretarial service" providers, who need not be certified, and that his services fall within this category;

third, he argues that the General Order conflicts with § 110 in that it prohibits an individual providing "secretarial only" services from being a BPP;

fourth, he asserts the enforcement of the Show Cause Order and/or the General Order violated his due process rights; and

fifth, he appeals the denial of his discovery requests and seeks relief against other parties.

## IV. STANDARDS OF REVIEW

■ A. Interpretations of the Bankruptcy Code and other statutes and rules are issues of statutory interpretation,

which we review de novo. *Steinberg v. Crossland Mortgage Corp. (In re Park at Dash Point, L.P.)*, 985 F.2d 1008, 1010 (9th Cir.1993); *Industrial Comm'n of Arizona v. Solot (In re Sierra Pacific Broadcasters)*, 185 B.R. 575, 577 (9th Cir. BAP 1995).

■ B. A bankruptcy court's determination regarding discretionary abstention is fundamentally a matter within the discretion of the court to be reviewed for abuse of discretion. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 482–83, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *Bethlahmy, IRA v. Kuhlman (In re ACI–HDT Supply Co.)*, 205 B.R. 231, 234 (9th Cir. BAP 1997); 1 ALAN N. RESNICK & HENRY J. SOMMER EDS., COLLIER ON BANKRUPTCY ¶ 3.05[1] (15th ed. rev.2003).[6]

■ C. Whether due process was given in any particular instance is a mixed question of law and fact that we likewise review de novo. *Demos v. Brown (In re Graves)*, 279 B.R. 266, 270 (9th Cir. BAP 2002).

■ D. We also review an order issuing an injunction de novo. *Id.*

E. We review denial of a motion for discovery for abuse of discretion. *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 584 (9th Cir.1998).

■ F. A reviewing court in this circuit may affirm on any basis supported by the record. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).

### V. DISCUSSION

Taking the issues in sequence:

### A. *Rule 31: Validity*

■ We construe the Order's reference to issues needing to be determined "in a separate proceeding before a court of appropriate jurisdiction," insofar as it pertains to Rule 31, as abstention in favor of the state court. A bankruptcy court may abstain from hearing a proceeding pending before it "in the interest of comity with State courts or respect for state law." 28 U.S.C. § 1334(c)(1); *Krasnoff v. Marshack (In re Gen. Carriers Corp.)*, 258 B.R. 181, 189–90 (9th Cir. BAP 2001). The sole guidance provided by Congress is that, when enacting the predecessor of 28 U.S.C. § 1334(c)(1) in 1978, it indicated that it would be inappropriate to abstain when no other court has jurisdiction. H. REP. No. 95–595 at 446 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6401, 6402.

■ As Arizona courts plainly have jurisdiction to determine the validity of Arizona rules, the bankruptcy court properly abstained. *Security Farms v. Int'l Broth. of Teamsters (In re Gen. Teamsters, Warehousemen & Helpers Union Local 890)*, 124 F.3d 999, 1009–10 (9th Cir.1997) is not to the contrary: the court there was considering the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), which requires abstention on motion "if an action *is* commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction." (Emphasis added). There is no parallel requirement of a commenced action in the discretionary abstention provision, 28 U.S.C. § 1334(c)(1), quoted above.

Further, it is not evident from Brown's excerpts of record that he raised to the

---

**6.** While a bankruptcy appellate panel or district court may review § 1334(c)(1) abstention decisions for an abuse of discretion, there can be no further appellate review. 28 U.S.C. § 1334(d); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 126, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Security Farms*, 124 F.3d at 1009–1010 n. 9 (9th Cir.1997); *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 904 n. 1 (9th Cir. BAP 1999).

bankruptcy court the issue of the validity of the state rule, nor did he brief the question in this appeal. In such circumstances, we need not consider his argument. *Stewart v. U.S Bancorp*, 297 F.3d 953, 956–57 n. 1 (9th Cir.2002) (matters not raised in lower court need not be considered on appeal); *Laboa v. Calderon*, 224 F.3d 972, 980 n. 6 (9th Cir.2000) (issues not specifically and distinctly argued in the opening brief are deemed waived). Although we accord considerable latitude to a pro se, *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883 (9th Cir. BAP 1995), nothing in Brown's briefing addresses these issues.

In any event, to the extent that Brown's challenge of the General Order would require us to determine the validity of Rule 31 as a matter of Arizona law, we decline: he has identified no authority by which we could invalidate a state court rule on the basis of state law, nor have we found any.

### B. *Rule 31: Application*

■ The gravamen of Brown's argument is that he provides "secretarial" services only, and that the Rule permits him to do this without certification. In response, the State Bar asserts that the purpose of that language was merely to clarify that secretaries and receptionists in the employ of legal document preparers need not themselves be certified. The language by which that intent was translated into Rule 31, however, is somewhat opaque. Read literally and out of context, the last sentence of § 7–208(A) (quoted above) could support this construction.

At oral argument of this appeal, Brown stated that he limits his business to customers who wish to file chapter 7 petitions. Using "EZ–Filing," a computer software program, he provides the customer with a questionnaire to complete and then inputs that data on the software forms. The program then generates completed official forms which Brown provides to the customer for filing. He also distributes an information sheet to each customer concerning the chapter 7 process, § 341 meetings of creditors, etc., which he had created while employed by a bankruptcy attorney. Notwithstanding these judicial admissions, Brown argued to the bankruptcy court and on appeal that his services are "secretarial," which he asserts are excluded from the definition of legal document preparer, and that the General Order is defective.

As noted above, Rule 31(a)(2)(A)(4) defines the "practice of law" to include preparing documents intended to affect legal rights or for filing in any court. Such services have also been determined to constitute the unauthorized practice of law by bankruptcy courts in other states. *See Hastings v. U.S. Trustee (In re Agyekum)*, 225 B.R. 695, 702 (9th Cir. BAP 1998) (construing California law), *In re Bush*, 275 B.R. 69, 77 (Bankr.D.Idaho 2002) and *In re Farness*, 244 B.R. 464, 470–72 (Bankr.D.Idaho 2000) (using bankruptcy software to convert a client's raw information into useable form); *In re Moore*, 283 B.R. 852, 863 (Bankr.E.D.N.C.2002) (providing client documents which explain bankruptcy); *Scott v. U.S. Trustee (In re Doser)*, 292 B.R. 652, 659 (D.Idaho 2003) and *In re Moffett*, 263 B.R. 805, 815 (Bankr.W.D.Ky.2001) (providing a client with a questionnaire that deviates from the official forms). *See also In re Gabrielson*, 217 B.R. 819, 826–27 (Bankr.D.Ariz.1998) (advising a client about which chapter to file.)

We need not resolve whether, as Brown argues, there remains a category of "secretarial services" which does not require

certification in Arizona.[7] Because he concedes that he selects, ·prepares (via a questionnaire and a computer program he selected) bankruptcy forms intended to affect debtors' relationships with their creditors, and provides the documents to be filed, his services fall within the Arizona Rule's definition of the practice of law. His doing so without certification is the unauthorized practice of law under Arizona law. Arizona Code of Judicial Administration, Part 7, Ch. 2, § 7–208(F)(1)(a) and (d).

We note also that § 110(i)(1) would subject Brown to damages if his BPP services cause a bankruptcy case to be dismissed because of his failure to file papers or negligent disregard of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. It is difficult to conceive how a BPP who does what is necessary to avoid liability for § 110(i)(1) damages could do so as a mere secretary or receptionist.

## C. *General Order 89*

Federal courts, including bankruptcy courts, have inherent power to regulate practice in cases before them.[8] *Gallo v. U.S. Dist. Court for the Dist. of Arizona*, 349 F.3d 1169, 1180–81 (9th Cir. 2003); *Brown v. Smith (In re Poole)*, 222 F.3d 618, 620–21 (9th Cir.2000); *U.S. Trustee v. Tank (In re Stacy)*, 193 B.R. 31, 38 (Bankr.D.Or.1996) and cases cited therein.

Brown challenges the validity of the General Order (but not its method of adoption or the bankruptcy court's authority to adopt it, so we need not address any such issues). We are reluctant to review a general order, absent necessity: as the Ninth Circuit has noted respecting general orders of district courts, "We do not review independently a district court's determination of the scope and application of local rules and general orders because we give district courts broad discretion in interpreting, applying and determining the requirements of their own local rules and general orders." *U.S. v. Gray*, 876 F.2d 1411, 1414 (9th Cir.1989), citing *U.S. v. DeLuca*, 692 F.2d 1277, 1281 (9th Cir.1982) ("Because general orders and local rules not only implement due process and other statutory rights but also promote efficiency, we permit the district court broad discretion in determining their requirements.") (other citations omitted).

Brown asks us to invalidate the General Order, arguing that Rule 31, and by implication, the General Order, conflicts with § 110. *See Steinacher v. Rojas (In re Steinacher)*, 283 B.R. 768, 772–74 (9th Cir. BAP 2002) (holding that a local rule was invalid as inconsistent with rights under the Code). We must therefore consider the General Order's validity.

Section 110 was enacted as part of the Bankruptcy Reform Act of 1994 to set standards for BPPs and to protect consumers from abuses by non-lawyer BPPs. *Farness*, 244 B.R. at 467. A BPP is "a

---

7. We do think refinement of the "secretarial services" exception would avoid confusion for courts, attorneys and legal document preparers in the future. Insertion of words such as "rendered to an attorney or legal document preparer" after "services" in § 7–208(A) would seem to suffice to effectuate the purpose articulated by the State Bar's amicus brief. *Compare* § 110(a)(1), which excludes from the BPP definition "an employee of an attorney."

8. As the bankruptcy court may enforce state law respecting the unauthorized practice of law, we need not and do not decide whether legal document preparers (or BPPs) "practice" before the bankruptcy court in the same sense as attorneys admitted to the federal bar do for purposes of traditional regulation by the bankruptcy (or other federal) court.

person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing[.]" § 110(a)(1). Section 110 establishes duties of and requirements for BPPs, including that they identify themselves and their work, and refrain from overcharging. BPPs can be held liable for misconduct (§ 110(i) and (j)), but the Code imposes no minimum qualifications, and adopts neither certification standards for BPPs nor a mechanism for establishing them.

Section 110 does not distinguish "secretarial services" from other services provided by a BPP, and the definition is broad enough to cover an individual whose services consist only of typing, if the BPP also files the documents in bankruptcy court. This was contemplated by Congress:

> Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors.

H.R.Rep. No. 103–384, at 40–41 (1994); 140 Cong. Rec. H10,770 (1994). *See also Farness,* 244 B.R. at 467 (a BPP may provide typing services but not legal advice).

■■■■ Contrary to Brown's argument, § 110(k) does not limit a state's authority to regulate BPPs. In fact, it provides: "[n]othing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and law that prohibit the unauthorized practice of law." State law governs the unauthorized practice of law. *Stacy,* 193 B.R. at 38; *In re Alexander,* 284 B.R. 626, 631 (Bankr.N.D.Ohio 2002); *Farness,* 244 B.R. at 470. As the bankruptcy court for the District of Arizona correctly held in *Gabrielson,* 217 B.R. at 826:

As a result of [§ 110(k)], a document preparer may not use § 110 as a "safe harbor" if a rule or certain rules prohibit the unauthorized practice of law or the document preparer's activities are otherwise prohibited by law. In Arizona, Supreme Court Rule 31(a)(3) limits who may practice law.

There is no conflict between the Arizona Rule adopted by the General Order and the Code; Brown's challenge fails.

## D. *Due Process*

■■■■ At oral argument of his appeal, Brown argued that the bankruptcy court's enforcement of the General Order or the Show Cause Order violated his due process rights, but did not articulate how. Again, this argument was apparently not raised to the bankruptcy court, nor was it in his briefs.

■■■■ Under §§ 105(a) and 110, the bankruptcy court may sua sponte enjoin the unauthorized practice of law. *Graves,* 279 B.R. at 272–75. FRBP 9029(b) provides:

A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or local rules of the district unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

Here, Brown had actual notice of the requirement. He was served with the Show Cause Order, which alerted him of the basis for and to the possibility of a future injunction. *See Doser,* 292 B.R. at 658–59; § 102(1) (requiring such notice as is appropriate in the circumstances). He had an opportunity to obtain counsel, file submis-

sions, brief the issues, and appear at the hearing, and he received approximately nine weeks notice. The Order had only prospective applicability and did not sanction Brown for any past conduct.

We see no due process violation.

### E. *Discovery and Other Requests*

■ Brown's appeal of the order denying his discovery requests consists of several pages of hearsay and unsupported allegations. He included no supporting documents in his excerpts, which makes it impossible for us to review this part of the Order. FRBP 8009. We need not examine the record beyond that provided in the excerpts. *Kritt v. Kritt (In re Kritt),* 190 B.R. 382, 386–387 (9th Cir. BAP 1995); *Massoud v. Ernie Goldberger & Co. (In re Massoud),* 248 B.R. 160, 163 (9th Cir. BAP 2000).

In any event, the tenor of his arguments is that he is being singled out for enforcement of the Rule and General Order. Given his concessions, it is unclear what relevance such discovery might have: if he is engaged in the unauthorized practice of law, he may be enjoined, whether or not others are.

■ Since the court's ruling upholding the General Order and enjoining Brown from violating Arizona law was a ruling as a matter of law, there was no abuse of discretion in terminating unnecessary and ambiguous discovery. The court was fully justified in departing from its earlier directive that it needed to develop a factual record.

Finally, Brown seeks relief in this appeal against several non-parties, which is beyond our appellate jurisdiction. Those requests are therefore denied.

### VI. CONCLUSION

As Brown's constitutional and federal statutory challenges fail, and as he admits providing services for which the Arizona Rule requires certification, the bankruptcy court did not err in issuing the injunction.

We AFFIRM.