**In re Stephen G. WEBERS, Debtor.**

**No. 6:04–BK–09250–KSJ.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

March 9, 2005.

L. Todd Budgen, Budgen Law Firm PL, Winter Park, FL, for Debtor.

Elena L. Escamilla, Orlando, FL, for trustees.

Donald R. Harris, Sandusky, OH, for Dependable Trustee Services.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came before the Court upon the United States Trustee's Motion for an Order to Show Cause Regarding Failure by Bankruptcy Petition Preparer to Comply with 11 U.S.C. § 110 and for Unauthorized Practice of Law; Certifying this Matter to the United States District Court Pursuant to 11 U.S.C. § 110(i)(1); and for Further Sanctions Pursuant to 11 U.S.C. § 110 and 11 U.S.C. § 105. The Court conducted an evidentiary hearing on January 19, 2005. The United States Trustee was represented by Elena L. Escamilla, Esq., Stephen G. Webers was represented by L. Todd Budgen, Esq., and Dependable Trustee Services was represented by Donald R.Harris, Esq. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

1. Dependable Trustee Services (hereinafter "Dependable") operates at 7701 North West 56th Avenue # 2, Pompano Beach, Florida 33073. Dependable is owned and operated by Debbie Albert who is also known as Deborah Small (hereinafter "Albert"). Albert is not an attorney nor is she employed for an attorney.

2. The business operations of Dependable commence by finding consumers who own real property whose mortgages are in arrears and are facing a foreclosure action. Once these consumers are found, Dependable works with the consumers in order to transfer the title of the real property to Dependable allowing Dependable to attempt to sell the real property prior to the conclusion of the foreclosure action. The transfer of title of the real property by the consumer to Dependable is accomplished through the execution of trust documents. In the event the real property is sold prior to the foreclosure action and proceeds exist after satisfying the mortgage, Dependable retains the profits. The business purpose of Dependable in not altruistic. It is not a credit agency. The goal of Dependable is not to help consumers but to make money by selling homes.

3. Stephen G. Webers, (the "Debtor") owned real property located at 8216 Hilton Way, Orlando, Florida, that was the subject of a foreclosure action in June or July of 2004. The Debtor had attempted various means to resolve the foreclosure action with Countrywide Home Loans including an attempt to sell his home for less than the full amount of mortgage, but found no viable means to satisfy the mortgage.

4. Debtor received a letter from Dependable in the mail signed by Debbie Albert in June or July of 2004, stating that they could assist the Debtor with the problems resulting from the foreclosure action. The letter is signed by Debbie Albert, the owner of Dependable. The letter stated:

> "If you give me the authority, I will deal directly with your mortgage company and offer them a cash solution by paying off your mortgage to get you out of the mess. I may decide to pay it off myself and take ownership of your house in the process. Or, I will get another buyer to purchase your property and let them pay off the mortgage. Either way, it saves you from foreclosure."

Debtor did not respond to Dependable's initial letter.

The Debtor received a second letter (Exhibit No. 3) which was identical to the first letter with the exception of the following handwritten statement on the bottom of the letter:

> "P.S. Remember, I charge NO FEES ... WHATSOEVER!!"

5. Upon receipt of the second letter, the Debtor contacted Dependable by calling the following phone numbers (954) 422–1738 and (877) 477–1034. When the Debtor called Dependable, he spoke to Leeander Small, an agent or employee of Dependable. Leeander Small is Debbie Albert's husband and, according to his testimony, he serves as a consultant to De-

pendable. Leeander Small explained to the Debtor that Dependable would buy his home or sell it to a third party to avoid foreclosure. Based on the conversation between Leeander Small and the Debtor, an appointment was made to sign the necessary documents in order to retain Dependable.

6. On July 13, 2004, the Debtor met with Carol Fresnada, an agent or employee of Dependable, and a second unknown person at his house located at 8216 Hilton Way, Orlando, Florida. Carol Fresnada presented the Debtor with a number of documents to sign, which included a Trustee's Deed (Exhibit No. 7), a Land Trust Agreement and Declaration of Trust (Exhibit No. 8), a Week to Week Lease and Agreement to Remain in Property after Ownership Transfer (Exhibit No. 9), the second page of a bankruptcy voluntary petition (the "Petition") as well as other documents. The Debtor signed all of the documents requested. The Debtor acknowledges he failed to carefully read the documents provided by an agent of Dependable prior to signing.

7. As a result of the Debtor signing numerous documents, the Debtor's title to his real estate located at 8216 Hilton Way, Orlando, Florida was transferred to Susan Mosley, as trustee of the Webers Family Trust (Exhibit no. 10). Susan Mosley was an employee of Dependable in July 2004, but, at the date of this hearing, she was no longer an employee of Dependable.

8. On August 12, 2004, a Chapter 13 Petition was filed in the name of the Debtor. The Debtor's Petition (Exhibit No. 2) was not filled out by the Debtor, although his signature appears on page 2. The Petition lists the mailing address of the Debtor as 7701 North West 56th Avenue # 2, Pompano Beach, Florida 33073 and the Debtor's phone number as (954) 422–1738. The mailing address and the telephone listed

on the Petition is the business address and business phone number of Dependable. An employee or agent of Dependable filled in the handwritten information on the Petition.

9. Page 2 of the Petition requires a petition preparer to include their name, social security number, address, and signature. All of the spaces requiring this information were left blank.

10. The Debtor did not give his consent to the filing of a bankruptcy case nor did he have any knowledge that a bankruptcy case would be filed on his behalf by Dependable. The Debtor did not choose which bankruptcy chapter to use. Dependable elected to file the Debtor's Petition seeking protection under Chapter 13. The Debtor only became aware that a bankruptcy case was filed in his name while shopping at Circuit City where he was informed that his credit card was cancelled due to his bankruptcy filing. The Debtor understandably was shocked.

11. The Debtor did not obtain a Notice of Commencement of the Case from the Court nor did he receive any notices sent from the Court regarding deficiencies regarding the case because Dependable deliberately prevented the Debtor from learning about his case by directing all notices to their address. Dependable's act of placing their mailing address and phone number on the Debtor's Petition ensured that the Debtor would not receive notice of the filing or of the date set for the first meeting of creditors. Mr. Small testified that Dependable places its address on the petition to avoid "stressing out the debtor" in the event they received any mail from the Bankruptcy Court. Mr. Small's testimony was not credible.

12. The filing of a petition invokes the automatic stay which prevents creditors from proceeding on a foreclosure action.

13. Exhibits 11 through 31 are voluntary petitions filed on behalf of other debtors in the Middle District of Florida, Orlando Division, which also list the mailing address of the debtors as 7701 North West 56th Avenue # 2, Pompano Beach, Florida 33073 and the debtors phone number as (954) 422–1738. The mailing address and the telephone listed as belonging to the twenty-one (21) debtors on the petitions belong to Dependable. The chart below indicates the name and case number of the twenty-one (21) other cases.

| Case Number | Last Name, First |
| --- | --- |
| 03–13396–ABB | Caballero, Jorge |
| 04–01624–KSJ | Bush, Anita |
| 04–02083–KSJ | Scully, Lori |
| 04–02085–ABB | Giron, Jorge |
| 04–02964–ABB | Johnson, Luther |
| 04–03170–ABB | Csereklye, Joseph |
| 04–4508–KSJ | Alday, Myron |
| 04–5184–ABB | Capicola, Linda |
| 04–7041–KSJ | Collins, Jay |
| 04–7174–KSJ | Alday, Yvonne |
| 04–7346–KSJ | Pinnell, Linda |
| 04–7487–KSJ | Hogan, Jason |
| 04–7627–KSJ | Collins, Dale |
| 04–7628–KSJ | Newton, Valerie |
| 04–8450–ABB | Lyons, Kristopher |
| 04–8592–ABB | Kriscunas, John |
| 04–8990–KSJ | Brinson, Frederick |
| 04–9115–KSJ | Thomas, Cynthia |
| 04–9719–ABB | Collins, Debra S. |
| 04–10416–ABB | Maritz, Sheila |
| 04–10417–KSJ | Collins, Loretta |

14. The twenty-one (21) other petitions filed by Dependable with the exception of one have been dismissed or are in the process of being dismissed due to administrative deficiencies based on the failure to file the schedules, the statement of financial affairs or a chapter 13 plan. Only the case of Luther Johnson, Case no. 04–02964–ABB, was not dismissed for administrative deficiencies but rather based on an emergency motion filed by Leeander Small on behalf of Dependable in order to

expedite the dismissal in order to complete a real estate sale.

## CONCLUSIONS OF LAW

Congress added 11 U.S.C. § 110 to the Bankruptcy Code as part of the Bankruptcy Reform Act of 1994. Section 110 is entitled "Penalty for persons who negligently or fraudulently prepare bankruptcy petitions." The purpose of section 110 of the Bankruptcy Code governing bankruptcy petition preparers is to protect consumers from abuses by non-attorney bankruptcy petition preparers. To ensure compliance with the requirements of section 110 certain remedial provisions were included including the turnover of excessive fees, fines for violations, actual and statutory damages, injunctive relief as well as attorney fees and costs.

■ Under Section 110(a)(1), a petition preparer is defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." Section 110(a)(2) defines a document for filing to be "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." It is undisputed that the Debtor engaged Dependable which is owned by Debbie Albert, to assist him with the foreclosure of his real estate on July 13, 2004. On July 13, 2004, the Debtor was provided and signed the second page of the Petition at the direction of an employee or agent of Dependable, even though the Debtor was not informed of what he was signing. It is undisputed that an employee or agent of Dependable filled in the remaining portions of the Petition to include the Debtor's name, physical address, and false mailing address and phone number of Dependable. It is undisputed that a petition was filed on behalf of the Debtor on August 12, 2004, by an employee or agent of Dependable in order to stay a foreclosure action to provide Dependable with more time to sell real property located at 8216 Hilton Way, Orlando Florida 32810. The Debtor did not consent or have knowledge of the filing.

Preliminarily, Dependable and their agents claim that they are not subject to Section 110 because they received no compensation for the filing of the Petition. While Dependable did not charge Debtor a separate fee for the filing of the bankruptcy case, the transfer of the deed by Debtor of his real property to Susan Mosley, Trustee, an employee of Dependable, is sufficient consideration to find that Debbie Albert as owner of Dependable received compensation for the filing of the Petition. *See In re Crowe*, 243 B.R. 43, 50 (9th Cir. BAP 2000) where non-attorney who sold self-help book but offered to assist with the preparation of forms for free was subject to the provisions of 11 U.S.C. § 110. Debbie Albert and Dependable fit the definition of bankruptcy petition preparer and are subject to the court's jurisdiction for violations of Section 110.

Section 110(b) requires a petition preparer to sign the document she prepared and to print her name and address on the document. Section 110(c) requires the petition preparer to write her Social Security number on the prepared document. Failure to comply with either of these sections may result in fines of up to $500.00 for each violation. Debbie Albert, her agents and/or employees of Dependable, as petition preparers, did not sign their name on the petition nor print their name and address thereon. Debbie Albert her agents and/or employees of Dependable, as petition preparers, did not list a complete social security number as is required under Section 110(c).

Pursuant to Section 110(j)(1), the debtor, a trustee, a creditor, or the United States Trustee "may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer." Further, Section 110(j)(2)(A), states that if a court finds that a bankruptcy petition preparer has engaged in any other fraudulent, unfair or deceptive conduct, ... injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging the such conduct.

Albert filed Debtor's case without his knowledge or consent and selected Chapter 13 as the appropriate chapter in which to file the Debtor's petition. The determination of which chapter a debtor elects is a decision that can only be made by an attorney representing a debtor or a pro se filer. The filing of the case was done for the sole purpose of providing Dependable with sufficient time to sell the real property prior to the conclusion of a foreclosure action in order to make a profit from the sale. The Debtor only became informed of the bankruptcy filing when he attempted to use his credit card at Circuit City and was informed that his card was canceled due to his filing. Dependable ensured that the Debtor would not become aware of the filing by listing their business address as the mailing address on the Petition. It is incredulous to think Dependable used their business address in order to "avoid stressing out the debtor." The filing of the Petition under these circumstances on behalf of the Debtor was fraudulent, unfair and deceptive. The selection of which chapter to file on behalf is also the unauthorized practice of law.

The filings by Albert are not intermittent as can be seen by the twenty-one (21) other cases filed. Those 21 cases now have each been dismissed due to failure to comply with the requirements of the Code with the exception of one which was dismissed based on a motion filed by an agent of Albert which was needed to expedite the normal time frames in which the Court would dismiss based on deficiencies. No schedules or statement of affairs were filed in any of the twenty-one (21) other cases, and it is unclear whether the debtors in those cases were ever provided notice of the bankruptcy filing due to Albert and Dependable listing their mailing address and phone number as that of the various debtors. Injunctive relief is necessary to prevent the recurrence of such filings in the future. A permanent injunction against Debbie Albert to act as a bankruptcy petition preparer is appropriate.

Section 110(j)(3) states that the court may award to the debtor, a trustee, or a creditor that brings a successful action reasonable attorney's fees and costs of the action. The Debtor has had to hire L. Todd Budgen, Esq. to represent him in at the hearing on the Motion to Show Cause. He has had to meet with counsel to determine whether to continue in bankruptcy and to determine what chapter would be more beneficial. The attorney for the Debtor must obtain information to determine the Debtor's debt structure to complete the schedules and statement of financial affairs as well as to determine whether remaining in Chapter 13 or converting to Chapter 7 is appropriate for the Debtor. The reasonable attorney fees and costs in attending this hearing and for resolving the issues resulting from the fraudulent, unfair and deceptive actions of Albert and Dependable are to be paid by Debbie Albert to L. Todd Budgen, Esq. The affidavit filed by L. Todd Budgen, Esq. subsequent

to the hearing setting out the attorney fees in the amount of $2,700.00 and $75.00 for costs are reasonable.

Nothing herein waives any claims or prejudices any action(s) to be directly filed by Stephen G. Webers.

The Court will enter a separate order in this case consistent with these Findings of Fact and Conclusions of Law.